[Civil No. 1981.   Filed February 17, 1923.]

[212 Pac. 498.]

## HATTIE L. MOSHER, Appellant, v. JACK WILL-IAMS, Appellee.

1. APPEAL AND ERROR—FINDING ON CONFLICTING EVIDENCE CONCLU-SIVE.—Where evidence as to the amounts of building stone sold and delivered was conflicting, and out of the varying statements it became the court's duty to determine whether stone had been delivered and the amount thereof, having adopted plaintiff's statement of account and evidence supporting it, the court cannot be put in error.

2. APPEAL AND ERROR—VERDICT SUPPORTED BY SUBSTANTIAL EVI-DENCE NOT DISTURBED ON APPEAL.—Where there is substantial evidence to support a verdict that the minds of the parties were agreed as to the subject matter, price, time and terms of sale, delivery and payment for building stone, it will not be disturbed.

3. FRAUDS, STATUTE OF—STATUTE INAPPLICABLE, WHERE CONTRACT OF SALE IS A COMPLETED ONE.—Civil Code of 1913, paragraphs 3272, 5152, denying a right of action on a sale of personal property when it exceeds in value $500, unless buyer accepts and receives part of the goods, or gives something in earnest to bind the con-tract or in part payment, unless the contract is in writing, have no application, where the seller delivers the property, and buyer accepts it, and nothing remains to be done, except payment by buyer.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Joseph S. Jenckes, Judge. Affirmed.

---

See 4 C. J., pp. 849, 883; 27 C. J., p. 323.

Mr. J. B. Woodward, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith and Mr. F. J. Duffy, for Appellee.

ROSS, J.—This is a suit upon a special contract for the value of 1,736¼ square feet of building stone, at 50 cents per foot, or $868.13, and for hauling and delivery charges amounting to $65.05. It is alleged in the complaint that said material was sold and delivered by plaintiff, Williams, to defendant, Mosher, between November 13 and 20, 1919.

The answer is a general denial and an admission of negotiations looking to a purchase by defendant of some of the building stone in question, which, it is alleged, was not consummated because (1) there was never a meeting of minds; (2) nothing was given or received to bind the parties to the contract; (3) that all said building stone has been and is now in the possession and individual control of plaintiff; (4) that the alleged contract is not in writing, and any action thereon is barred by subdivision 4 of paragraph 3272, and by paragraph 5152, Civil Code of 1913; and (5) "that there was never any negotiations for sale other than for 900 feet of arches, bush-hammered and fancy pieces, unbroken surface foot measurements, that plaintiff was unable to deliver."

The case was tried to the court, and verdict and judgment rendered for plaintiff for the full amount claimed. Defendant appeals, and assigns four errors: (1) That there was a failure of proof of performance on the part of the plaintiff; (2) the finding of the court that there was a sale or delivery is unsupported by the evidence; (3) the finding that the minds of the parties met is unsupported by the evidence; and (4) the contract pleaded, not being in

writing, and for the sale of personal property of a value in excess of $500, was not enforceable as being within the statute of frauds (citing subdivision 4, par. 3272, Civ. Code 1913).

The defendant argues, under the first assignment, that plaintiff had given to her two check-ups, or measurements, of the stone, one being for 1,734.83 surface feet and another for 1,617.97 surface feet, and that her measurements showed only 1,509.63 surface feet. Out of these varying statements, aided by the testimony of the witnesses, it became the duty of the court to determine whether any building stone was delivered to the defendant, and, if so, the amount thereof. The statement, showing the amount of stone delivered to have been 1,736 square feet, was identified by the plaintiff and another witness as being the check-up, or measurement, made by them together, and they swore to its correctness. It was that statement and the evidence in support of it that was adopted by the court, and we cannot say that it was error.

The evidence concerning the points made by the second and third assignments was also conflicting. The plaintiff's evidence was ample, if believed, to support a finding of a sale and delivery, and to support a finding that the minds of the parties were agreed as to the subject matter, price, time and terms of sale, delivery and payment. Defendant's evidence as to every issue of fact was in sharp conflict with plaintiff's and it became the duty of the court to weigh the whole evidence, that for the plaintiff and the defendant, and decide which was right. The court's finding was that "all the allegations of plaintiff's complaint are true," and the rule has frequently been announced by this court that the verdict of the court or jury, as the trier of the facts, will not be set aside, when based on

conflicting evidence. In other words, if there be substantial evidence in support of the verdict, it will not be disturbed.

The provision of the statute of frauds relied upon by the defendant denies a right of action upon a contract of sale of personal property when the property exceeds in value the sum of $500, unless the buyer shall accept part of the goods and actually receive the same, or give something in earnest to bind the contract, or in part payment, unless the contract is in writing. That provision, however, has no application where the contract of sale is a completed one, as, where the seller delivers the property and the purchaser accepts it, and nothing remains to be done, except the payment by the purchaser to the seller of the purchase price.

The complaint in this case states a completed contract, except in the matter of the payment of the purchase price. A party cannot accept the delivery of personal property of the value of $500, or $5,000, upon an agreement of sale, and refuse to pay the purchase price, on the ground that the contract was not in writing. The provision of the statute of frauds relied upon has reference to agreements to sell, or to sales in which there is no delivery or change of possession of the subject matter from the seller to the buyer, and no advance payment on the purchase price is made.

We have carefully read the evidence in this case, and have also examined the assignments of error and the citations thereunder, and, finding no reversible error, the judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.