[Civil No. 2358.  Filed July 14, 1925.]

[237 Pac. 645.]

## E. W. TAYLOR, Appellant, v. JAMES T. DUDLEY, Appellee.

1. APPEAL AND ERROR—FINDING OF COURT ON CONFLICTING EVIDENCE BINDING.—In action by mortgagor to recover penalty provided by Civil Code of 1913, paragraph 4102, for failure of mortgagee to satisfy mortgage within ten days after request and tender of costs, finding of court, on sharply conflicting evidence, against mortgagee's defense that there was balance due, *held* binding on appeal.

2. MORTGAGES—PENALTY FOR REFUSAL TO SATISFY MORTGAGE PROPERLY ASSESSED, NOTWITHSTANDING MORTGAGEE'S GOOD FAITH, WHERE IT RESULTS FROM BAD BOOKKEEPING.—In action by mortgagor for penalty provided by Civil Code of 1913, paragraphs 4101, 4102, for mortgagee's failure to satisfy mortgage within ten days after request and tender of costs, penalty *held* properly assessed, though mortgagee honestly believed there was balance due, where evidence showed payment direct to him, and that his belief was therefore due to bad bookkeeping.

---

See (1) 4 C. J., p. 883, n. 33.   (2) 27 Cyc., p. 1428, n. 37.

1. See 2 R. C. L. 204.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Richard Lamson, Judge. Affirmed.

Mr. Jesse C. Wanslee, for Appellant.

Miss Alice M. Birdsall, for Appellee.

ROSS, J.—This is an action by James T. Dudley, as mortgagor, against E. W. Taylor, as mortgagee, to recover from the latter the statutory penalty of one hundred dollars for failure to satisfy mortgage as provided by law within ten days after request and tender of costs, for actual damages occasioned by such failure and neglect, and for an order directing defendant to enter of record a proper satisfaction of mortgage, or to execute and deliver a sufficient deed of release.

The complaint alleged full payment of mortgage and request of defendant to satisfy it, a tender to him of the costs for that purpose, and his failure and neglect in that regard. Defendant in his answer claimed a balance of six hundred and ninety dollars due him on mortgage. The case was tried before the court without a jury. The evidence on the issue as to whether the mortgage had been fully paid off was conflicting. The court found the issue in favor of the plaintiff, and entered judgment for the one hundred dollar statutory penalty, and directed the defendant to forthwith satisfy and discharge the mortgage upon the records of Maricopa county.

The defendant has appealed only from that part of the judgment mulcting him for the statutory penalty. He has suggested a number of errors, but they are all directed to the one proposition that the judgment is not supported by the law or the evidence.

It would serve no useful purpose for us to state the evidence *pro* and *con* upon the issue of payment. It will suffice to state that it was in sharp conflict. The question of its credibility and weight was one for the determination of the trial court, and, under the rule well and long established in this jurisdiction, we will not disturb that determination when it finds support in the evidence. *Mosher* v. *Williams,* 25 Ariz. 46, 212 Pac. 498. Bound therefore, as we are, by the determination of the trial court upon conflicting evidence, it is settled the mortgage was, at the time of the institution of the suit, fully paid off, and should have been, upon the request of plaintiff and the tender of costs therefor, either satisfied of record, or by the execution and delivery of a sufficient deed of release.

The defendant, however, contends that he in good faith refused and neglected to satisfy mortgage believing the plaintiff had not fully paid the same, and that the statute providing for a penalty never contemplated punishing a mortgagee for failure to satisfy a mortgage under such circumstances.

The statute, paragraph 4101, Civil Code of 1913, makes it the duty of a mortgagee, *cestui que trust* or assignee or his executor or administrator, when the mortgage has been satisfied, to so indicate upon the margin of the record or by the execution and delivery of a sufficient deed of release, if requested to do so by the mortgagor and tendered the costs thereof. Paragraph 4102, Id., provides that if such person fail for ten days thereafter to do as the law provides, "he shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars, and also all actual damages occasioned by such neglect and refusal."

Granting that the rule contended for by defendant, to the effect that a mortgagee is not liable for the statutory penalty when he refuses to cancel mort-

gage, honestly believing that it has not been fully paid, and we think that is the general rule under statutes like ours, the question of the mortgagee's *bona fides* is one of fact, and like all other questions of fact must be decided by the trial court or jury. In this case the evidence introduced by the plaintiff in support of his contention that he had paid off the mortgage showed that if such payment was made it was direct to the mortgagee defendant, and that if the defendant labored under the impression that there was still a balance due him, it was because of his bad bookkeeping. The refusal to satisfy .the mortgage need not necessarily be wilful or oppressive; it is sufficient if it results from inadvertence, inattention, or indifference. 27 Cyc. 1428.

This we think disposes of the suggestions of error made by the defendant, and results in the affirmance of the judgment.

McALISTER, C. J., and LOCKWOOD, J., concur.