[Civil No. 2932.  Filed February 18, 1931.]

[295 Pac. 1108.]

BERT HOOPES and CHLOA HOOPES, His Wife, Appellants, v. H. F. ROGGE, Appellee.

Messrs. Hooker & Flannigan and Mr. E. J. Flanigan, for Appellants.

Messrs. Armstrong, Lewis & Kramer, for Appellee.

ROSS, J.—This is an action by H. F. Rogge against Bert Hoopes and Chloa Hoopes, his wife, for the agreed price of a combined heating and cooling system, installed by the former in the latter's theater building, situate on lots 11 and 12, block 45, of the town of Safford, Graham county, and to foreclose a mechanic's lien against said property for such price.

The contract was oral. By its terms as pleaded plaintiff agreed to furnish and install the heating and cooling plant, and the defendant Bert Hoopes

agreed to pay therefor, upon the completion of the installation, the sum of $2,500. It is averred that the plant was completely installed as agreed, and that the defendant had refused to pay therefor. Defendant answered the complaint (1) by a general denial; (2) by allegations of a breach of warranty, and in addition thereto, pleaded subdivision 4 of paragraph 1521 of the Revised Code of 1928, known as the statute of frauds, as a bar to the action.

By that subdivision it is provided that a contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action, unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged, or his agent in that behalf.

When the case was called for trial, defendants presented their plea in bar, and, the court having overruled it, plaintiff proceeded to introduce his evidence, which fully supported his complaint. Defendants introduced no evidence whatsoever, but announced to the court: "We do not have any testimony to offer." Defendants' appeal is from the order overruling their plea in bar.

The first question to decide is whether the statute authorizes an appeal from an order overruling such a plea. Such order was not a final judgment. Its effect was to hold that the particular defense was not good. Defendants, after such ruling, still had a right to introduce evidence to show the contract was different from that alleged, or that the one alleged had not been performed in accordance with its terms. Under the statute providing for appeals to this court, appeals may be taken from final judgments and cer-

tain orders therein enumerated. Section 3659, Rev. Code 1928. The orders enumerated in this paragraph do not mention an order overruling a plea in bar. The order overruling the plea in bar was not a final disposition of the case upon its merits, and was not, therefore, a final judgment from which an appeal can be taken. It is not one of the orders made appealable by the statute.

The attempted appeal will have to be dismissed.

However, if the order were appealable, it is obvious that the plea was not a defense to the action. The oral contract set out in the complaint had been fully performed by the plaintiff. The heating and cooling system had been installed in defendants' building. The provisions of the statute of frauds relied upon do not apply to such a statement of facts. As was said in *Mosher* v. *Williams,* 25 Ariz. 46, 212 Pac. 498, 499:

"That provision [subdivision 4, par. 1521, Rev. Code 1928], however, has no application where the contract of sale is a completed one, as, where the seller delivers the property and the purchaser accepts it, and nothing remains to be done, except the payment by the purchaser to the seller of the purchase price."

McALISTER, C. J., and LOCKWOOD, J., concur.