PER CURIAM.
Defendant-appellant in this negligence action seeks reversal of a final judgment for plaintiff-appellee on the ground that the evidence is insufficient to support the verdict and judgment rendered thereon. We affirm.
The thrust of appellant’s argument is that the demonstrative evidence before the jury is such that it was required to reject plaintiff’s testimony to the effect that defendant’s passenger bus, which was involved in a collision with an automobile driven by plaintiff, was carelessly operated at an excessive speed and into plaintiff’s lane of travel on a public highway; citing Florida Power Corporation v. Willis, 112 So.2d 15 (Fla.App.1959), for the rule that plaintiff’s uncorroborated testimony as to how .a collision occurred will not support a. verdict in his favor when there is unimpeached testimony to the contrary. We have carefully reviewed the record and conclude that the cited case is not in point because the factual issues in this case are not so narrowly drawn as in Willis.
In the instant case there is conflicting evidence as to the point of impact on the highway, as to the speed of the bus, as to. the distance of the bus from plaintiff’s automobile when plaintiff drove it onto the *172 highway, as to whether the brakes on the bus were defective, as to the position of the bus when the brakes were first applied, and whether the bus was being operated at an excessive speed under the circumstances. Appellant’s argument that appellee presented only one witness to the facts concerning the accident, while appellant presented three, is of course spurious.
This court cannot substitute its conclusions for that of the jury on controverted questions of fact; and the rule is too well established to require citation of authority that the conclusions of the jury will not be disturbed on appeal if there is any competent evidence in the record to support same. We find from the transcript of the testimony before the jury in this case that it was adequate to support the verdict. The learned trial judge concisely summed up the matter of conflicting evidence when in response to a statement of counsel for appellant that the case should not be permitted to go to the jury he said: “That is, if you believe your witnesses and disbelieve the other side. That is not my province but, rather a question for the jury.”
The appellant by its brief states that plaintiff’s claim for damages as distinguished from liability was virtually uncontested and that in closing argument plaintiff’s counsel presented an excellent summary of damages totaling $9,700.00. From this premise it argues that the jury verdict for $6,000.00 demonstrates that the jury applied the theory of comparative negligence to its verdict. This argument standing alone and without any assignment of error or statement of a point of law involved on the appeal is specious in character.
It would serve no useful purpose to detail the conflicts of evidence from which the jury was entitled to draw, as it did, conclusions of fact and assess damages upon arriving at a verdict for the plaintiff. The trial judge was eminently correct in denying the appellant-defendant’s motions for directed verdict made in the course of the trial, its post-trial motion for a judgment in accordance with its motions for directed verdict, and motion for a new trial.
Affirmed.
RAWLS, C. J., and STURGIS and JOHNSON, JJ., concur.