419 P.2d 354

**Sam HANEN, Appellant,**

**v.**

**C. H. WILLIS, Jerry Skousen and Conrad J. Kleinman, Appellees.**

**I CA–CIV 483.**

Court of Appeals of Arizona.

Oct. 27, 1966.

Rehearing Denied Nov. 18, 1966.

Review Granted Dec. 22, 1966.

Vanlandingham & Carmichael, by Ronald W. Carmichael, Phoenix, for appellant.

C. Max Killian, Mesa, Christy, Kleinman, Hoyt & Fuller, by Conrad J. Kleinman, Phoenix, for appellees.

STEVENS, Chief Judge.

The appellees presented their Motion to Dismiss the Appeal. The motion was filed

prior to the due date of the appellant's opening brief. We deem this matter to be of sufficient general interest to warrant a formal opinion in lieu of the usual disposition of motions by a minute entry order.

■ On 25 April 1966, evidence was presented to the trial court and at the conclusion of the presentation the trial court made a minute entry order for judgment in favor of the appellees and against the appellant. On 9 May 1966, a formal written judgment was signed by the Judge and filed with the Clerk of the Superior Court, the judgment relating to the same matters which were set forth in the earlier minute entry. No other judgment was entered in connection with the case in the trial court. Thereafter post-judgment matters were presented and ruled upon.

On 8 July 1966, a Notice of Appeal was filed and the cost bond on appeal was posted. The Notice of Appeal recites:

"NOTICE IS HEREBY GIVEN that the above-named Plaintiff and Counterdefendant, SAM HANEN, appeals to the Court of Appeals of the State of Arizona, from the Judgment entered in the above-entitled Court in the above-entitled action on the *25th day of April, 1966,* in favor of the above-named CONRAD J. KLEINMAN, JERRY SKOUSEN, *CLIFFORD WALKER* and one GRANT ATKINSON, as co-partners in CORONADO LAND COMPANY, and from the whole thereof." (emphasis added)

The record on appeal was lodged with this Court on 14 September 1966, and thereafter the appellees filed their Motion to Dismiss the Appeal, being the motion now under consideration. In the response to the Motion to Dismiss, the appellant moved the Court of Appeals "to correct the clerical errors in the Notice of Appeal" and to permit the appellant to amend the notice to read:

"NOTICE IS HEREBY GIVEN that the above-named Plaintiff and Counterdefendant, SAM HANEN, appeals to the Court of Appeals of Arizona from

the Judgment entered in the above-entitled Court in the above-entitled action on the *9th day of May, 1966,* in favor of the above-named CONRAD J. KLEINMAN, JERRY SKOUSEN, *C. H. WILLIS* and GRANT ATKINSON as co-partners in CORONADO LAND COMPANY, a co-partnership and from the whole thereof." (emphasis supplied)

It is noted that the Notice of Appeal recites an appeal "from the Judgment entered in the above-entitled court in the above-entitled action on the 25th day of April 1966 in favor of the above-named * * * CLIFFORD WALKER * * * and from the whole thereof". The amendment proposes to modify the quoted language to read "from the Judgment entered in the above-entitled Court in the above-entitled action on the 9th day of May 1966, in favor of * * * C. H. WILLIS * * * and from the whole thereof". The response of the appellants and their motion presented to this Court do not seek to file an amended Notice of Appeal, but seek to amend the Notice of Appeal. The appellant seeks to designate the correct date for the entry of the judgment and to correct the name of one of the successful judgment creditors.

■ Had the proposed amended Notice of Appeal been timely filed in the trial court, a proper appeal would have been lodged. The procedures to be followed in the exercise of the privilege of appeal are highly technical, and, when properly followed in appropriate cases, appeal becomes a matter of right. Unless an appeal is properly perfected, the court exercising appellate review is without jurisdiction to entertain the appeal. This rule of law is set forth in the case of the Arizona Corporation Commission v. Pacific Motor Trucking Company, 83 Ariz. 135, 317 P.2d 562 (1957). This is the rule in Arizona notwithstanding the fact that the case was a three to two decision with a dissent which characterized the majority opinion as being "hypertechnical". The Notice of Appeal there in question recited that an appeal was

taken "from that certain order˙ made and entered * * * on the 23rd day of April 1957 * * *", this being the date of the entry of the minute order which was thereafter reduced to a formal written judgment on the 17th day of May 1957.

In the case of Associates Finance Corporation v. Scott, 3 Ariz.App. 1, 411 P.2d 174 (1966), with review denied by the Arizona Supreme Court, the Notice of Appeal recited the date of the minute entry and in place of characterizing the same as an order, the notice characterized the same as a judgment. It further gave Notice of Appeal not only from the so-called Judgment, but also "from the whole thereof". This is the situation which faces this Court in relation to this motion. In the Associates Finance Corporation case, the Court referred to the appropriate Arizona Statutes, Rules of Civil Procedure and Supreme Court decisions in determining that the Notice of Appeal did not confer jurisdiction on the Court of Appeals.

There is no statute which authorizes an appeal from the minute entry order of 25 April 1966. Section 12–2101, subsec. B, A.R.S. authorizes an appeal from the judgment of 9 May 1966.

Rule 73 of the Rules of Civil Procedure, 16 A.R.S. relates to appeals. Portions of the Rule are as follows:

"73(a) Limitations; parties. A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. The appeal may be taken by any party aggrieved by such judgment or order."

73(b), as amended, in part:

"Notice of appeal; bond on appeal; * * * 1. ·When an appeal˙is permitted by law * * * it shall be perfected by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from, * * * and by filing within such time a bond for costs on appeal."

73(e) in part:

"Notice of appeal. The notice of appeal shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from. * * *."

73(f) in part:

"Forms for notice of appeal. The notice shall state the title of the court and of the action, shall be signed by the attorney, or, if the party is not represented by an attorney, then by the party, and shall be in substantially the following form:

1. If the appeal is from the entire judgment:

'Notice is hereby given that the above named . . . . . . appeals to the supreme court of the state of Arizona from the judgment entered in the above entitled court in the above entitled action on the . . . . . . day of . . . . . ., 19. . ., in favor of the above named . . . . . . . . . . and against the above named . . . . . . . . . ., and from the whole thereof.' "

Arizona's Rule 73(e) has language similar to that of Federal Rule 73(b). The Federal Rules do not have a counterpart to Arizona's Rule 73(f). In Barron and Holtzoff's Federal Practice and Procedure, we find a suggested form in Section 4471 on page 622 of Volume 5. This form is much less detailed than is the one set forth in Arizona's Rule 73(f).

Section 4471 of Barron and Holtzoff's, found on Page 155 of the 1966 pocket part to Volume 5, contains a suggested form of a motion for leave to amend the notice of appeal and a suggested form of order to be entered by the trial judge granting that leave. The footnote indicates that these forms were secured from the record in the ·5th Circuit opinion of the case of United States v. Commercial Credit Corporation, 5 Cir., 242 F.2d 57 (1957). An examination of the opinion does not reflect a discussion as to the right to so amend. We can only assume that the motion and order were presented to the trial court and that the procedures were taken prior to the expiration of the maximum time allowed for the

filing of a proper notice of appeal. We are not called upon to express an opinion as to the privilege of amending a notice of appeal in the trial court prior to the last day for the filing of a notice of appeal.

█ It is our opinion that once the time for the filing of a proper notice of appeal has expired, neither the trial court nor this Court has the jurisdiction to permit an amendment thereto. In this connection we must bear in mind that the case before us differs from a number of cases which have been presented to Arizona's courts exercising appellate jurisdiction in which cases the record in the trial court did not contain the formal written, signed judgment which is essential to an appeal under the provisions of amended Rule 58(a), Rules of Civil Procedure, 16 A.R.S.

We hold that there is a jurisdictional defect in the Notice of Appeal. The term "Judgment" and the phrase "and from the whole thereof" did not cure the erroneous date. Under these circumstances we are not called upon to express an opinion relative to the improper designation of one of the successful parties of the trial court.

Upon the issuance of the mandate, the appeal will stand dismissed.

DONOFRIO, J., concurs.

CAMERON, Judge (dissenting).

I regret that I must dissent.

Appellant's notice of appeal stated that he appealed from the "judgment" entered on the "25th day of April, 1966". The record indicates that a minute entry order for judgment was entered upon that date. In the instant case, the appellant may not appeal from the minute entry order for judgment of 25 April 1966, for two reasons.

First, a minute entry order is not an appealable order under our statute. 12–2101 A.R.S.

Second, the notice of appeal was filed 8 July 1966, more than sixty days from the 25 April 1966, order. Rule 73(b), Rules of Civil Procedure, 16 A.R.S. As a practical matter, on 8 July 1966, the only appealable action was the judgment of 9 May 1966.

Contrary to the majority opinion, I do not believe this is a fatal defect. The file reflects that there was one judgment from which the appellant could base his appeal, and that was the formal written judgment signed and filed on 9 May 1966. Not only may the appellant appeal from the formal written judgment of 9 May 1966, but this notice of appeal was timely filed in relation to that judgment. It does not appear that the appellee, the trial court, or this Court has been in any way misled by the notice of appeal.

A mistake in notice of appeal as to the date of judgment appealed from is immaterial when notice is otherwise adequate. Theis v. Theis, 271 Minn. 199, 135 N.W.2d 740 (1965). As was recently stated:

"Company appealed from the order overruling its motion for new trial, a non-appealable order, but we will review the judgment on Count II on the theory that the company intended and on good faith attempted to appeal from the final judgment." City of Joplin v. Joplin Water Works Company, 386 S.W.2d 369, 370 (Mo.1965).

And some courts treat an error in the notice of appeal as one of form rather than substance. Holmes v. Holmes, 337 Ill.App. 648, 86 N.E.2d 275 (1949).

The majority opinion cites the Arizona Corporation Commission v. Pacific Motor Trucking Company, 83 Ariz. 135, 317 P.2d 562 (1957). The facts in Arizona Corporation Commission v. Pacific Motor Trucking Company, supra, are similar to the facts in this case with one important exception. The notice of appeal given in that case clearly stated that the appellant appealed from "that certain *order* made and entered * * * on the 23rd of April, 1957". (Emphasis ours) Therein the judgment was 17 May 1957, and the notice of appeal 1 June 1957. In the instant case, the appellant in his notice of appeal states that he appeals "from the *judgment*

entered * * * on the 25th day of April, 1966". (Emphasis ours) It is clear that the appellant in the instant case did not intend to appeal from an order, but he intended to appeal from the judgment although he incorrectly designated the date of the judgment. It is interesting to note in Arizona Corporation Commission v. Pacific Motor Trucking Company, supra, that the dissent claimed that even the majority in that opinon were overly technical. As they stated:

> "One of the principle purposes of the new rules of civil procedure is to dispose of cases on the merits, irrespective of technical, harmless errors. Under the federal rules, which are the same as ours on the subject, it well established that errors of the character involved herein will be ignored when the appellee has neither been misled nor harmed." Arizona Corporation Commission v. Pacific Motor Trucking Company, supra.

In the instant case, no briefs have been filed, and the appellant attempts to make an amendment to the notice of appeal to designate not only the correct date, but to substitute the name of one of the appellees for another. The amendment to the notice of appeal was not filed within the sixty days from the judgment, and any amendment that we might allow would be an amendment to the notice itself as distinguished from the amended notice of appeal. The essential test of the sufficiency of a notice of appeal to withstand a motion to dismiss is whether adverse party was misled or prejudiced by a mistake in the notice. Greyhound corporation v. Carswell, 181 So.2d 638 (Fla.1966), on review 185 So.2d 171. The appellees having not been misled, I would grant the amendment to the notice of appeal, both as to the date of the judgment as well as to the name of the appellee.

The majority opinion also cites Associates Finance Corporation v. Scott, 3 Ariz. App. 1, 411 P.2d 174 (1966). In that case,

the time for appeal based upon the date of the judgment and the twenty days within which the motion for new trial must be determined, pursuant to Rule 59(e), Rules of Civil Procedure, 16 A.R.S., was greater than the sixty days provided by Rule 73(b) of the Rules of Civil Procedure, 16 A.R.S. Under those circumstances, a notice of appeal and a bond on appeal filed more than eighty days after judgment was not timely filed.

For the reasons herein stated, I would deny the motion to dismiss, grant the motion to make an amendment to the notice of appeal to provide for the date of 9 May 1966, as the date of judgment rather than 25 April 1966. I would also consider the substitution of the party appellee. Even, however, should we deny the motion to substitute the name of one of the appellees, this would not be fatal to the appeal as to the other parties to the judgment below.