423 P.2d 95

**Sam HANEN, Appellant,**

v.

**C. H. WILLIS, Jerry Skousen and Conrad J. Kleinman, Appellees.**

**No. 8891 P. R.**

Supreme Court of Arizona.

In Banc.

Jan. 25, 1967.

Rehearing Denied Feb. 21, 1967.

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for appellant.

C. Max Killian, Mesa, Christy, Kleinman, Hoyt & Fuller, Phoenix, for appellees.

LOCKWOOD, Justice:

Appellant Hanen, one of the plaintiffs and cross-defendants below, brought an action against Valley National Bank, Cerene Properties, Inc. and Clifford Walker, for a declaratory judgment concerning certain promissory notes executed by Hanen and others. Appellees, Willis, Skousen and Kleinman were substituted as defendants in the case in place of the Valley National Bank. They filed a counterclaim and cross-claim (designated cross-complaint) against the plaintiffs, and defendants Cerene Properties, Inc. and Clifford Walker. A default judgment was later entered in favor of counterclaimants and cross claimants (appellees herein). The Court of Appeals, Division I, in 4 Ariz.App. 224, 419 P.2d 354 (1966), dismissed an appeal by Hanen, basing its opinion on jurisdictional defects in the notice of appeal. This Court has vacated the decision of the Court of Appeals for the purpose of review.

Since the Court of Appeals decision was based entirely on a procedural-jurisdictional issue, the sole issue for determination in this opinion is whether the notice of appeal filed by appellant Hanen was sufficiently valid to vest jurisdiction in the appellate court. At the conclusion of the evidence before the trial court, the trial court on April 25, 1966, made a minute entry order for judgment in favor of the counter claimants and cross claimants (C. H. Willis, Jerry Skousen, and Conrad J. Kleinman). A formal written judgment was signed by the judge and was filed on May 9, 1966 relating to the same matters set forth in the earlier minute entry. The judgment was typewritten, and just before the judge's signature was typed "DONE IN OPEN COURT this 25th day of April, 1966." The typed date was inked out and changed to "9th day of May" in handwriting. On July 8, 1966 Hanen posted a cost bond and filed a notice of appeal which read as follows:

"NOTICE IS HEREBY GIVEN that the above-named Plaintiff and Counterde-

fendant, SAM HANEN, appeals to the Court of Appeals of the State of Arizona, from the Judgment entered in the above-entitled Court in the above-entitled action on the *25th day of April, 1966,* in favor of the above-named CONRAD J. KLEINMAN, JERRY SKOUSEN, *CLIFFORD WALKER* and one GRANT ATKINSON, as co-partners in CORONADO LAND COMPANY, and from the whole thereof." (Emphasis added.)

The appellees filed a motion to dismiss the appeal on September 14, 1966. In response to this motion, appellant moved to have the Court of Appeals amend his notice to read:

"NOTICE IS HEREBY GIVEN that the above-named Plaintiff and Counterdefendant, SAM HANEN, appeals to the Court of Appeals of Arizona from the Judgment entered in the above-entitled Court in the above-entitled action on the *9th day of May, 1966,* in favor of the above-named CONRAD J. KLEINMAN, JERRY SKOUSEN, *C. H. WILLIS* and GRANT ATKINSON as co-partners in CORONADO LAND COMPANY, a co-partnership and from the whole thereof." (Emphasis supplied.)

The Court of Appeals then dismissed the appeal on the basis that the notice of appeal was defective and that after expiration of the time allowed for filing of a proper notice of appeal, the appellate court could no longer amend the notice to correct any deficiencies, and thus the court had no jurisdiction to consider the appeal.

The right of parties in Arizona to appeal from an adverse judgment is set forth in Rule 73 of the Rules of Civil Procedure, 16 A.R.S.; the relevant portions of which are:

"73 (a) Limitations; parties. A judgment or order in a civil action or proceeding may be reviewed by appeal as prescribed in these Rules, and not otherwise. The appeal may be taken by any party aggrieved by such judgment or order."

"73 (b) [as amended, in part]:

Notice of appeal; bond on appeal; * * * 1. When an appeal is permitted by law * * * it shall be perfected by notice filed with the superior court within sixty days from the entry of the judgment or order appealed from, * * * and by filing within such time a bond for costs on appeal."

"73 (e) [in part]:

Notice of appeal. The notice of appeal shall specify the parties taking the appeal and shall designate the judgment, order or part thereof appealed from. * * *."

"73 (f) [in part]:

Forms for notice of appeal. The notice shall state the title of the court and of the action, shall be signed by the attorney, or, if the party is not represented by an attorney, then by the party, and shall be in substantially the following form:

1. If the appeal is from the entire Judgment:

'Notice is hereby given that the above named . . . . . appeals to the supreme court of the state of Arizona from the judgment entered in the above entitled court in the above entitled action on the . . . . . day of . . . . . , 19 . . . ., in favor of the above named . . . . . , and against the above named . . . . ., and from the whole thereof.' "

It must first be determined whether incorrectly designating the date of the judgment as April 25, 1966, the date of the minute entry order, satisfied the requirements of Rule 73(e), Rules of Civil Procedure, 16 A.R.S. that the notice shall designate the judgment appealed from.

The Arizona Rules of Civil Procedure are substantially the same as the Federal Rules concerning the notice of appeal. The federal courts have applied a liberal construction as to the sufficiency of a notice of appeal if the result is neither misleading nor prejudicial to the appellees involved. *Hoiness v. United States,* 335 U.S. 297, 69 S.Ct. 70, 93 L.Ed. 16 (1948); *Martin v. Clarke,* 105 F.2d 685 (7th Cir. 1939). Such construction has been directly applied to instances where there has been a mistake in

the notice of appeal as to the date of the order or judgment appealed from. Klein v. Rancho Montana De Oro, Inc., 263 F.2d 764 (9th Cir. 1959); Wetherbee v. Elgin, J. & E. Ry. Co., 204 F.2d 755 (7th Cir. 1953), cert. denied 346 U.S. 867, 74 S.Ct. 104, 98 L.Ed. 378 (1953); Bates v. Batte, 187 F.2d 142 (5th Cir. 1951), cert. denied 342 U.S. 815, 72 S.Ct. 29, 96 L.Ed. 616. In each of these cases, the date inserted in the notice of appeal was that of an order or opinion other than the final judgment and the courts held that such an error did not prevent an appeal from the actual final judgment.

Many state jurisdictions have applied the same construction to the sufficiency of the notice of appeal where it is clear the appellee has been informed of the appeal and was neither prejudiced or misled. Greyhound Corporation v. Carswell, 181 So.2d 638 (Fla.1966), affirmed 185 So.2d 171 (Fla.App.1966), cert. denied 189 So.2d 634 (Fla.1966); City of Joplin v. Joplin Water Works Company, 386 S.W.2d 369 (Mo. 1965); Baker v. Sojka, 74 N.M. 587, 396 P.2d 195 (1964); Collins v. City and County of San Francisco, 112 Cal.App.2d 719, 247 P.2d 362 (1952). As was said in the City of Joplin case, supra:

> "Company appealed from the order overruling its motion for new trial, a nonappealable order, but we will review the judgment on Count II on the theory that Company intended and in good faith attempted to appeal from the final judgment."

The thrust of these decisions is that when adequate notice to appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal. Clearly the error in the present case as to the date was merely a technical one, and no one was misled. The notice of appeal disclosed an intention to appeal from the judgment in this action, there was actually only the one judgment involved, (that filed on May 9, 1966) and this formal written judgment made effective the earlier rendering of decision recorded in the minute entry. The notice was timely filed in relation to the judgment of May 9, even though it was filed more than sixty days from the order of April 25. The notice of appeal is substantially in the form set out in Rule 73(f), except for a mistake in the date of the entering of the written judgment, and was an appeal from the "[J]udgment * * * and from the whole thereof." There is no evidence in the record that the incorrect date misled or prejudiced appellees.

The appellees relied heavily on the case of Arizona Corporation Commission v. Pacific Motor Trucking Company, 83 Ariz. 135, 317 P.2d 562 (1957) to support their contention that the notice of appeal was invalid. This case held in a three to two decision, that a notice of appeal which recited the date of a minute order finding appellee was entitled to the relief sought and described this entry as the order appealed from, was ineffectual to vest jurisdiction in the appellate court. The Court said that the notice of appeal failed to disclose an intention to appeal from the subsequently entered judgment based on the minute entry order. This construction of Rule 73(e), Rules of Civil Procedure, 16 A.R.S., was criticized by the dissenting justices in the following language:

> "One of the principle purposes of the new rules of civil procedure is to dispose of cases on the merits, irrespective of technical, harmless errors. Under the federal rules, which are the same as ours on this subject, it well established that errors of the character involved herein will be ignored when the appellee has been neither misled nor harmed." Arizona Corporation Commission v. Pacific Motor Trucking Company, supra, p. 138, 317 P.2d p. 565.

One distinguishing factor between the above case and the one presently before us is that in the Pacific Motor case the notice of appeal stated that the appeal was from an *order* entered, and not a *judgment*, as in the present case. However, we believe that

distinction is not material, and that the better rule is that if a valid judgment has been entered in the case, a notice of appeal timely filed in relation to such judgment will not be found insufficient merely because the date given as that of the order or judgment appealed from is the date of an earlier rendering of the same judgment by minute entry order (and incidentally the date originally typed on the written judgment). Accordingly, the opinion of Arizona Corporation Commission v. Pacific Motor Truck Company, supra, is overruled, and the reasoning of the dissent in that case is adopted.

■■ The notice of appeal was further questioned because "Clifford Walker" was named as one of the appellees instead of appellee "C. H. Willis". The necessary test is again whether sufficient notice of the appeal was conveyed to all of the appellees, neither misleading nor prejudicing them. The insertion of Walker's name as a party favored by the trial court's judgment appears to be a clerical error instead of an intentional decision to omit a necessary party to the appeal. Walker was one of the cross-defendants named in appellee's counterclaim, and the judgment was against him, and in favor of the three appellees. No appeal could have been taken against him by appellant, and hence appellees could not have been deceived in this regard. In fact, the only judgment in the case referred to by title of the case in the notice of appeal, found in favor of "counter claimants and cross complainants", and the caption on the notice of appeal names *Willis*, Skousen and Kleinman as "counter claimants and cross claimants." The close connection between appellees, Willis, Skousen and Kleinman was indicated throughout the pleadings, as was Walker's status as a cross defendant. Certainly it would be patently absurd to infer that appellant intended to substitute Walker for Willis as a party, and that either Willis or the other two appellees were misled as to the appellant's intention to appeal from the judgment in Willis' favor. The record further discloses that copies of the notice of appeal were sent to the attorney representing all three of the appellees. Although such errors in drafting a notice of appeal are not in accord with the best legal practice, the notice of appeal should be construed to uphold the sufficiency of notice to Willis, and jurisdiction over him on appeal.

The judgment of the Court of Appeals dismissing this appeal is vacated and the appeal is reinstated.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and UDALL, JJ., concur.