444 P.2d 732

Sam HANEN, Appellant,

v.

C. H. WILLIS, Jerry Skousen and Conrad J. Kleinman, Appellees.

No. 1 CA-CIV 483.

Court of Appeals of Arizona.

Aug. 19, 1968.

Rehearing Denied Oct. 7, 1968.

Review Denied Nov. 19, 1968.

**176**

Shimmel, Hill, Kleindienst & Bishop, by Rouland W. Hill and William L. Branch, Phoenix, for appellant.

Christy, Kleinman, Hoyt, Fuller & Eldridge, by Conrad J. Kleinman, Phoenix, and C. Max Killian, Mesa, for appellees.

CAMERON, Chief Judge.

This is an appeal by the plaintiff from a default judgment in favor of the defendants-counterclaimants and cross-claimants. This case was previously before this Court and the Supreme Court of Arizona on a motion to dismiss which questioned the timeliness of the appeal. See Hanen v. Willis, 4 Ariz.App. 224, 419 P.2d 354 (1966) and Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967).

We are called upon to determine:

    I.  Can an appellant in appealing from a default judgment alone assign as error an order denying a motion to set aside default and default judgment?

    II.  Did the counterclaim require a reply to prevent a default on the counterclaim?

    III.  Did the trial court abuse its discretion in refusing to set aside a default and default judgment taken on an alleged counterclaim?

The facts necessary for a determination of this matter are as follows. Sam Hanen, plaintiff and cross-defendant, appellant herein, brought a declaratory judgment action against the Valley National Bank and others seeking to have the court determine that two notes in the principal sums of $252,300.87 and $30,700.68 are null and void as to the plaintiff Hanen. The defendants Willis, Skousen, and Kleinman were later substituted as defendants in place of the Valley National Bank. Other persons were part of the matter below, but it is not necessary to discuss them in this appeal. On 30 December 1965 the defendants filed an Answer and Counterclaim as to the plaintiff and cross-complaint as to the others. The answer met the plaintiff's complaint for declaratory judg-

ment and the "Counterclaim", designated as such, alleged that the plaintiff executed the notes, that the defendants guaranteed the notes, were compelled to pay, and that the plaintiff owed them the amounts due under the notes. The defendants prayed for judgment under both notes for the full amount plus interest, costs and attorney's fees. The attorney for the plaintiff filed a motion to dismiss the counterclaim and cross-claim on 3 February 1966. However, no response to the counterclaim was filed on behalf of the plaintiff.

The attorney for plaintiff moved to withdraw as counsel on 10 February 1966. A copy of said motion to withdraw (with notice) was mailed to plaintiff on the same day at plaintiff's address in Calgary, Alberta, Canada. Although notice of the hearing of the motion to withdraw as counsel recited that the motion would be urged on 21 February 1966, the court by minute entry granted the motion to withdraw on 18 February 1966. The motion to dismiss the counterclaim and cross-claim was denied by minute entry 23 March 1966.

The defendants had default entered on 6 April 1966. Plaintiff, five days later, through new attorneys, moved to set aside default and this motion was denied. The judgment was taken on the default and plaintiff moved to set aside the default judgment. This motion was also denied.

Plaintiff was therefore without counsel of record from 18 February 1966 until 11 April 1966. It was during this period that the entry of default and judgment was made. The affidavit of the plaintiff which was attached to the motion to set aside default judgment reads as follows:

"COMES NOW, SAM HANEN, of Calgary, Alberta, Canada, deposes and states that the Affiant is one of the parties in the above entitled action, and is a resident of Calgary, Alberta, Canada.

"1. THAT the Affiant was not notified of the withdrawal of Wallace O. Tanner as Counsel for the Affiant until approxi-mately the third week of March, 1966, notice having been sent in care of H.T.R. Gregg, and he was absent from the city for a large part of the month of February and March, 1966.

"2. THAT the Affiant was therefore unable to contact the associated parties and arrange legal counsel until Tuesday April 5th, 1966, but had endeavoured to arrange legal counsel on the 1st day of April, 1966, but due to a misunderstanding the necessary arrangements were not made.

"3. THAT at the end of February, 1966, I arranged, I thought, to have myself and my interests represented and protected by Joseph Mead, and to that end paid him by way of retainer the sum of $1,-500.00.

"4. THAT I was never served with notice of the claim and/or counterclaim, or cross-claim, or any other notice in the above action, and only learned that the same was pending on approximately the 31st day of March, 1966, at which time I thought that I had legal counsel, and in fact endeavoured to arrange further counsel, which due to a misunderstanding did not materialize."

The affidavit of Mr. Vanlandingham indicates that on 5 April 1966 he telephoned the attorney for the defendants who did not return the call until the following day when he advised Attorney Vanlandingham that the default had just been entered.

Prior to entry of judgment plaintiff moved to set aside the default which motion was denied. After said judgment plaintiff objected to the form of the judgment and filed a motion for rehearing on the motion to set aside entry of default as well as a motion to set aside judgment. All of plaintiff's motions and objections were denied and plaintiff's tendered reply to the counterclaim and answer to cross-claim were ordered stricken from the record. Plaintiff timely (see Hanen v. Willis, supra, 102 Ariz. 6, 423 P.2d 95) filed his notice of appeal from the judgment.

## CONSIDERATION OF
## CLAIMED ERROR

It is the position of the defendants that the plaintiff having appealed from the judgment alone and not the orders denying plaintiff's motions to set aside the default and default judgment may not allege as error on appeal the denial of the motion to vacate or set aside the default and default judgment but may only raise questions concerning the judgment itself. In other words defendants assert, correctly we think, that there is nothing in the judgment itself upon which to base an appeal. Defendants therefore contend that by not appealing from the orders denying the motion to set aside default and default judgment the plaintiff may not assign as error the denial of such motions.

▆▆▆ It is clear that an order setting aside or refusing to vacate default judgment is a special order made after judgment and is therefore appealable. § 12-2101 A.R.S., Bateman v. McDonald, 94 Ariz. 327, 329, 385 P.2d 208 (1963); State ex rel. Deck v. District Court, etc., 64 Mont. 110, 207 P. 1004, 1005 (1922). However, the fact that the order denying the motion to set aside default judgment is appealable does not place upon the losing party the obligation of appealing from this specific order in order to raise the error in the order itself. By a timely appeal from the judgment the plaintiff may allege as error the order of the court in denying the motion to set aside or vacate the judgment appealed from. This Court in discussing a motion for new trial and an appeal from a judgment alone stated:

"It does not follow, however, that when the appellant, after giving the trial court the opportunity to correct its error (a motion for new trial), he cannot assign as error the matters raised by his motion for new trial simply because he appeals from the judgment alone.

"We therefore hold that when the appellant makes a motion for new trial (and gives the trial court the opportunity to consider alleged error), the appellant may, in effect, abandon his right for extension of time gained as a result of having the order in relation to his motion for new trial reduced to written form, and timely appeal from the judgment alone, and in doing so appellant may raise on appeal from said judgment, errors urged in the motion for new trial." Gabriel v. Murphy, 4 Ariz.App. 440, 442, 443, 421 P.2d 336, 339 (1967).

We feel the situation here is similar and we hold that in considering the appeal from the judgment we may also consider error claimed in denying the motion to set aside the default and default judgment.

## WAS A REPLY NECESSARY?

Rule 13(a), Rules of Civil Procedure, 16 A.R.S., states:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. * * *."

▆▆▆ A counterclaim, compulsory or permissive, is proper in response to a suit for declaratory judgment, Barron & Holtzoff, Vol. 1 a, Sec. 400, pages 614–616, and a default and judgment may be entered for failure to reply to the counterclaim. Rule 55(d), Rules of Civil Procedure, 16 A.R.S. It is the contention of plaintiff that even though the pleading was denominated as a counterclaim, that it was not in fact a counterclaim and that therefore the plaintiff was not required to reply and the default was improper. Rule 8(d), Rules of Civil Procedure, 16 A.R.S., provides in part:

"When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

We have read the counterclaim and cross-claim which recites the notes allegedly signed by the plaintiff, the default and payment by the defendants, the demands to pay and the amount owing together with a prayer for judgment against the plaintiff on the counterclaim. There is no question that defendants' counterclaim standing alone states a cause of action against the plaintiff and we hold that a reply was required. Rule 7(a), Rules of Civil Procedure, 16 A.R.S.

## DID THE TRIAL COURT ABUSE ITS DISCRETION IN REFUSING TO SET ASIDE THE DEFAULT AND JUDGMENT?

The generally stated rule regarding defaults and default judgments has been stated by our Supreme Court as follows:

"We now turn our attention to the second issue: whether the trial judge abused his discretion in setting aside the default judgment in this case. Under Rule 55(c) and Rule 60(c) of the Arizona Rules of Civil Procedure, a default judgment may be set aside under certain conditions and circumstances within the discretion of the trial judge. In this determination the court is guided by certain equitable principles. One is that the defendant should be allowed to defend the matter on its merits when the circumstances are such that it would be extremely unjust to enforce such a judgment. Coconino Pulp and Paper Co. v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957). When the defendant claims the default judgment was taken against him through his mistake, inadvertence, surprise or excusable neglect, the general test is whether his conduct might be the act of a reasonably prudent person under the same circumstances." Bateman v. McDonald, supra, 94 Ariz. 327, 329, 330, 385 P.2d 208, 210 (1963).

And this Court has stated:

"Our Supreme Court has stated that in order for a default judgment to be set aside, the party in default must show, (1) his failure to answer within the time required by law was by virtue of excusable neglect, and (2) that he had a meritorious defense. (citations omitted) These cases have also indicated that the moving party must make his motion without unreasonable delay after discovering that the judgment had been taken against him. (citations omitted)." C. Meisel Music Company v. Perl, 3 Ariz.App. 479, 481, 415 P.2d 575, 577 (1966).

In the instant case the plaintiff, although he had invoked the jurisdiction of the court as plaintiff which he had a right to do, was still a citizen and resident of Canada and from the record we do not believe showed a lack of diligence in attempting to protect his interest. The affidavit indicates that he did not receive notice of the withdrawal of counsel until late in March of 1966. The motion to withdraw as counsel was filed 10 February 1966 (and granted 18 February 1966). Under the circumstances we feel that the failure of the plaintiff to file a timely reply was excusable.

Defendants applied for entry of default on 6 April 1966 which was entered by the clerk on the same day.

Plaintiff through his new attorneys moved without unreasonable delay to set aside the default and continuously and timely resisted the entry of default and judgment in the trial court until they filed the notice of appeal.

The amended complaint for declaratory relief, if true, indicates a meritorious defense. We therefore feel that the refusal of the trial court to set aside the default and the judgment was an abuse of the court's discretion.

The default and judgment are set aside and remanded to the trial court with directions that the plaintiff be granted a reasonable time within which to file a reply

to the counterclaim and cross-claim of the defendant.

DONOFRIO, J., and WILLIAM C. FREY, Judge of the Superior Court, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge WILLIAM C. FREY was called to sit in his stead and participate in the determination of this decision.