492 P.2d 758

Thomas DAVIS, Appellant,

v.

Arthur AANDEWIEL and Wilhelmine
Aandewiel, husband and wife,
Appellees.

No. 2 CA–CIV 1060.

Court of Appeals of Arizona,
Division 2.

Jan. 20, 1972.

Rehearing Denied Feb. 16, 1972.

Review Denied March 14, 1972.

Russo, Cox & Dickerson, P. C., by Jer-
old A. Cartin, Tucson, for appellant.

J. Emery Barker, Tucson, for appellees.

KRUCKER, Chief Judge.

This appeal is taken from the summary dismissal of plaintiff's complaint. Plaintiff's complaint, pursuant to Rule 8(a), Rules of Civil Procedure, 16 A.R.S., set forth a "short and plain" statement of the claim. The complaint alleged: (1) the court's jurisdiction; (2) an oral agreement by plaintiff through his agent with the defendants for the sale of plaintiff's business known as the Photo Corral; (3) that defendants have taken possession of the business, and (4) that defendants have not paid any consideration for the purchase to plaintiff or his agent. This complaint was supported by affidavits of the plaintiff, Thomas Davis, and plaintiff's agent, William Lohmeier.

Defendants responded with a motion to dismiss under Rule 12(b) (6), Rules of Civil Procedure, 16 A.R.S., for failure to state a claim upon which relief can be granted. Defendants' motion to dismiss was on the grounds: (1) that plaintiff alleged a relationship of agency which is unenforceable because it is not in writing as required by the Statute of Frauds, A.R. S. § 44–101; and (2) that the alleged *oral agreement* is unenforceable because it is not in writing as required by the Statute of Frauds, A.R.S. § 44–101 and A.R.S. § 44–2308. Defendants' motion was also accompanied by defendant Arthur Aandewiel's affidavit that he was in possession of the business known as Photo Corral and that defendants are the sole owners thereof, but defendants have never "entered into nor executed any agreement *in writing*" relative to the acquisition of this property from plaintiff or plaintiff's agent. (Emphasis added)

■ The motion to dismiss for failure to state a claim under Rule 12(b) (6) was apparently treated as a Rule 56 motion for summary judgment since matters outside the pleadings, namely the affidavits, were presented to and not excluded by the court. In considering a motion to dismiss for failure to state a claim, the allegations of the complaint must be taken as true. Lakin Cattle Co. v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966); Industrial Commission v. Superior Court, Pima County, 5 Ariz. App. 100, 423 P.2d 375 (1967). A motion for summary judgment is to be granted only when there is no issue as to any material fact. The affidavits attached to the complaint say that to the knowledge of plaintiff, Thomas Davis, and his agent, William Lohmeier, defendant, Arthur Aandewiel, has been in possession of plaintiff's business, including the inventory, fixtures and equipment, since October, 1970. The affidavit of defendant, Arthur Aandewiel, appended to defendants' motions, says: that he has never met Thomas Davis; that he (as of April 26, 1971) holds "an original lease" between himself and County Fair Shopping Center; that the Aandewiels

hold a bill of sale for all the fixtures present (as of April 26, 1971) upon the premises; that the Aandewiels are the owners of the merchandise present (as of April 26, 1971) on the premises by virtue of sale from Minolta Corporation and other companies; and

"8. That your affiant [Arthur Aandewiel] has never entered into nor executed any agreement *in writing* relative to the acquisition of 5506 East 22nd Street, Tucson, Arizona, other 'than those express written agreements ·with the parties listed hereinabove; namely, County Fair Shopping Center, Minolta Corporation, Buzza Cardoza Card Company, and various other persons other than 'Thomas Davis' or William Lohmeier." (Emphasis added)

■ What defendant's affidavit fails to deny is that defendant did originally, as of October, 1970, receive inventory, fixtures and equipment from plaintiff and defendant did enter into an *oral* agreement with plaintiff for acquisition of this property. The question of fact remains that defendants acquired the "Photo Corral" business from someone. The question for the trial court to determine is whether defendants originally acquired the business from plaintiff through an alleged oral agreement.

■ Defendants-appellees argue· that this appeal should be dismissed initially·because appellant has failed to satisfy the requirement of Rule 73(e), Rules of Civil Procedure, 16 A.R.S., that the notice of appeal "designate the judgment, order or part thereof appealed from. . . ."· We summarily reject this argument since, in the absence of a claim of prejudice, mere technical error as to the designation of the judgment appealed does not require dismissal. Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967).

Taking the allegations of the complaint as true, as we are required to do in considering a motion to dismiss, we come to the Statute of Frauds questions raised by defendants in the motion. To consider these

questions, we shall set forth the pertinent parts of A.R.S. § 44–101:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

4. Upon a contract to sell or a sale of goods or choses in action of the value of five hundred dollars or more, *unless the buyer accepts part of the goods* or choses in action, *and actually receives them* or gives something in earnest to bind the contract, or in part payment, but when a sale is made at auction, an entry by the auctioneer in his sale book, made at the time of the sale, of the kind of property sold, the terms of the sale, the price, and the name of the purchaser and person on whose account the sale is made is a sufficient memorandum. (Emphasis added)

\* \* \* \* \* \*

7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

and A.R.S. § 44–2308:

"A. Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing.

\* \* \* \* \* \*

C. A contract which does not satisfy the requirements of subsection A but which is valid in other respects is enforceable:

\* \* \* \* \* \*

3. *With respect to goods* for which payment has been made and accepted or *which have been received and accepted* (§ 44–2369). Added Laws 1967, Ch. 3, § 5." (Emphasis added)

\* \* \* \* \* \*

While we recognize the truth of defendants' first contention regarding the unenforceable agency relationship, we find it irrelevant to the complaint before the court. It is true that A.R.S. § 44–101(7) would prevent the agent from bringing an action to enforce his unwritten agency agreement, but this has no bearing on the validity of the oral agreement between the two parties before this court.

■ The alleged oral agreement for the sale of goods for $10,000 does fall within A.R.S. § 44–101, subsec. 4 and A.R.S. § 44–2308, subsec. C(3). This action on an *oral agreement* for goods, the value of which exceeds $500, would be precluded by the Statute of Frauds except that the complaint also alleges that defendants have taken possession of the goods. Assuming that to be true, as we must, for the purpose of the motion to dismiss (and defendant's affidavit does admit possession of the business known as the Photo Corral), we believe that the complaint adequately states a cause of action and the dismissal for failure to state a claim was premature.

We believe that the discussion of the Arizona Supreme Court in Mosher v. Williams, 25 Ariz. 46, 212 P. 498 (1923), dealt with a closely analogous situation and is apropos to the case *sub judice*:

"The provisions of the statute of frauds relied upon by the defendant denies a right of action upon a contract of sale of personal property when the property exceeds in value the sum of $500, unless the buyer shall accept part of the goods and actually receive the same, or give something in earnest to bind the contract, or in part payment, unless the contract is in writing. That provision, however, has no application where the contract of sale is a completed one, as,

where the seller delivers the property and the purchaser accepts it, and nothing remains to be done, except the payment by the purchaser to the seller of the purchase price.

*The complaint in this case states a completed contract, except in the matter of the payment of the purchase price. A party cannot accept the delivery of personal property of the value of $500, or $5,000, upon an agreement of sale, and refuse to pay the purchase price, on the ground that the contract was not in writing.* The provision of the statute of frauds relied upon has reference to agreements to sell, or to sales in which there is no delivery or change of possession of the subject-matter from the seller to the buyer, and no advance payment on the purchase price is made." (Emphasis added) 25 Ariz. at 49, 212 P. at 499.

Judgment reversed and remanded for proceedings not inconsistent with this decision.

HOWARD and HATHAWAY, JJ., concur.