403 P.2d 315

James K. DAVIS and Louise Davis, husband and wife, Appellants,

v.

John TAVASCI and Paul Tavasci, Jr., a copartnership dba Clarkdale Dairy Co., William C. McCall and Shirley J. McCall, husband and wife, James G. Cramer, Sheriff of Yavapai County, T. A. Parsons, Deputy Sheriff of Yavapai County, St. Paul Fire and Marine Insurance Company, Appellees.*

I CA–CIV 50.

Court of Appeals of Arizona.

June 22, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7816. The matter was referred to this Court pursuant to Section 12–120.23, A.R.S.

Miller, Byrnes & Davidson, by Robert P. Davidson, Scottsdale, for appellants.

Hash & Bernstein, by Robert Bernstein, Phoenix, for appellees McCall.

STEVENS, Chief Judge.

The appellants Davis were the plaintiffs in the Superior Court. The caption of this opinion discloses the parties in the trial court. This cause was tried to a jury in Yavapai County, the judge who presided being a judge from Coconino County. The notice of appeal, the Abstract of Record and the appellants' opening brief were all served upon the attorneys of record for all of the defendants. Only the McCalls filed a brief on appeal.

The trial commenced on November 6, 1961 and two and one-half days later it was necessary to recess the trial because of prior commitments of the trial judge. Another session was called for January 24, 1962 and the plaintiffs objected to continuing the trial on that date because the time available to the judge would not permit a continuous trial. The defendants announced to the court that they were prepared to proceed on that date. The trial resumed on March the 5th and the jury returned its verdicts and its answers to the interrogatories at the hour of 1:00 in the morning on Sunday, March 11th.

The plaintiffs were financially unable to secure a copy of the Reporter's Transcript. We have before us an Abstract of Record which is not complete. The appellees did not avail themselves of their right to secure the Reporter's Transcript or their right to file a supplemental Abstract of Record. In oral argument the attorneys referred to evidence which is not in the record on appeal. This we cannot consider in determining the appeal.

A close examination of the pleadings discloses few admissions of significance and apparently none were made during the trial. Davis alleges that he owned dairy cattle which were wrongfully attached and disposed of by the sheriff in connection with an earlier Superior Court case entitled Tavasci v. McCall in which case St. Paul Fire was the surety on the bond. The answers place the Davis ownership in issue and assert that McCall owned the cattle. The answers further raise the issue that the cattle were also attached in another suit at about the same time being the Superior Court case of Patterson v. Davis, the same Davis who is the plaintiff herein.

Prior to the time that Davis rested his case the court granted a motion for a directed verdict in favor of St. Paul and this action is not the subject of this appeal.

At the time of the January 24th resistance to the continuance of the trial, the court entered an order that the assessment of $96 jury fees for that day would be determined later. At the same time there was a stipulation that if a court reporter, other than the regular Yavapai County court reporter, was required for the balance of the trial that the expense of such reporter would be assessed against the party or parties "as the court shall designate".

The court directed a verdict in favor of defendants Tavasci and in favor of the defendant Mrs. McCall on the issue of punitive damages.

The jury returned answers to the two interrogatories as follows:

### "INTERROGATORY NO. 1

If you find for the plaintiffs in this lawsuit, was your verdict a result of a finding by you that plaintiffs Davis had title to the dairy herd in question by reason of a Bill of Sale?

ANSWER: ("Yes" or "No")

No

### "INTERROGATORY NO. 2

If your answer to Interrogatory No. 1 is in the negative, did you base your verdict in favor of the plaintiffs on a finding that plaintiffs had possession by right of actual physical dominion and control over the cattle involved?

ANSWER: ("Yes" or "No")

Yes"

■ A possessory right in Davis is sufficient to sustain an action for wrongful attachment Everfresh, Inc. v. Goodman, 131 Cal.App.2d 818, 281 P.2d 560 (1955).

The jury returned the following general verdicts: (In each instance the form of verdict is as submitted to the jury, except that the underscored portion of each verdict is the portion which was filled in by the jury.)

### "VERDICT

We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find: the issues herein in favor of the plaintiffs and against the following defendant or defendants (insert name or names)

. . . . . . . . . . . . . .

William C. McCall and Shirley J. McCall in the amount of $10,000.00.

### "VERDICT

We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find: the issues herein in favor of plaintiffs and defendant WILLIAM C. McCALL for punitive damages in the amount of $5,000.00.

### "VERDICT

We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths do find the Deputy Sheriff guilty of misconduct and assess the statutory penalty at $200.00.

### "VERDICT

We, the jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find the issues herein in favor of defendants JOHN TAVASCI and PAUL TAVASCI, Jr."

Upon the receipt and filing of the interrogatories and the verdicts, there were further proceedings as reflected by the minutes as follows:

"Comes now Robert P. Davidson, of counsel for plaintiffs, and moves for judgment on the verdicts and for costs. Said counsel also moves for judgment notwithstanding verdict against defendants Cramer and Parsons, and the last motion is denied by the Court.

"Comes now Eino M. Jacobson, of counsel for defendants Tavasci, and moves for judgment on the verdict in favor of defendants John Tavasci and Paul Tavasci, Jr. and for costs against plaintiffs, and said motion is granted by the Court.

"Comes now Robert L. Bernstein, counsel for defendants McCall, and moves for judgment in favor of defendants McCall notwithstanding verdict.

"Comes now Robert P. Davidson, of counsel for plaintiffs, and moves for judgment for punitive damages and compensatory damages against defendants McCall."

The motions made by Mr. Bernstein and by Mr. Davidson were taken under advisement, except as indicated in the foregoing quotation.

On April 19th the court approved and there was filed a formal written judgment

in favor of the defendants Tavasci denying recovery to the plaintiffs Davis. On the same date the minutes also reflect that the trial court took the following additional action:

1) Ordered judgment in favor of the plaintiffs and against the sheriff and his deputy for $200 plus the plaintiffs' costs this being based upon the verdict. (We find no formal written judgment in this respect in the Abstract of Record nor do we find a minute entry showing the approval of such a formal written judgment.)

2) Assessed the sum of $96 for jury fees for January 24th against the Davises.

3) Assessed the $960 jury fees for the ten days of trial, one-half or $480, against the Davises, the other half or $480, against the sheriff and his deputy and,

4) Assessed the reporter's fees "for reporting the full trial proceedings" equally against the Davises on the one hand and the sheriff and his deputy on the other.

In relation to item 4, the record before us is silent as to this amount and is silent as to any further action by minute entry or by written order or judgment in relation to the court reporter's fees.

The minutes of June 13th reflect a denial of the Davis motion for new trial in relation to the defendants Tavasci and reflect a denial of the Davis motion to re-tax costs. They further reflect the following order:

"3. That the motion of defendants William C. McCall and Shirley McCall for judgment N.O.V. be and the same is hereby granted for the reason and upon the ground that the verdict of the jury is contrary to law and the instructions of the Court; that the verdict against said defendants be and the same is hereby ordered set aside, and judgment entered in favor of said defendants and against the plaintiffs; that each of said parties bear their own costs."

Also, on June 13th the formal written judgment for jury fees was signed and filed, this judgment being in conformity with the April 19th minute entry and being in favor of Yavapai County as the judgment creditor.

On August 13th, the formal written judgment in favor of the McCalls denying recovery to the Davises was approved and filed.

In addition to the oral motion for judgment notwithstanding the verdict, which oral motion was made in the early morning hours of March 11th, the McCalls filed a formal written motion for judgment notwithstanding the verdict. The Abstract of Record does not reflect that the McCalls filed a motion for new trial nor does it reflect a ruling in relation to a McCall motion for new trial and we, therefore, assume that no such motion was filed.

In due time the plaintiffs gave notice of appeal from the judgments and orders specified as follows:

"ORDER entered on or about March 11, 1962 denying Plaintiffs' motion for directed verdict against defendants James G. Cramer and T. A. Parsons;

"ORDER entered March 11, 1962 denying Plaintiffs' motion for judgment notwithstanding verdict against defendants James G. Cramer and T. A. Parsons;

"ORDER of April 19, 1962 assessing Court Reporter fees equally between Plaintiffs and Defendants James G. Cramer and T. A. Parsons;

"ORDER entered June 13, 1962 denying Plaintiffs' motion to re-tax costs;

"JUDGMENT entered June 13, 1962 against Plaintiffs for January 24, 1962 jury fees, and one-half of remaining jury fees;

"JUDGMENT entered August 10, 1962 setting aside jury verdict in favor of plaintiffs and against defendants William C. McCall and Shirley McCall for $10,000.00 and in favor of plaintiffs, and against defendant William C. McCall for $5,000.00."

The minutes of March 11th do not reflect the motion for a directed verdict as recited

in the notice of appeal and we take no action on this aspect of the notice of appeal.

Section 11–449 A.R.S. is as follows:

"Liability relating to writs, levies or sales

"If a sheriff neglects to make due return of a writ or paper delivered to him to be served or executed, or is guilty of any misconduct in the service or execution thereof, he is liable to the party aggrieved for damages sustained, and, in addition, for a penalty of two hundred dollars. If the sheriff to whom a writ of execution is delivered neglects or refuses, after demand by the creditor, to levy upon or sell property of the party named in the writ which is subject to levy or execution, he is liable to the creditor for the value of the property."

Sub-Sections B and C of Section 12–332 A.R.S. is as follows:

"B. There shall also be included in the judgment and taxed as costs, a jury fee, which shall be fixed by the court at the time the judgment is given. The jury fee shall be paid to the clerk of the court for transmittal to the county treasurer who shall dispose of it as other similar money is disposed of.

"C. The court may at any time for good cause shown relieve a person from payment of a jury fee when the court believes such relief proper."

Rule 49(h) of the Rules of Civil Procedure, Volume 16 A.R.S., is the same as Federal Rule 49(b) as the Federal Rule is quoted on page 70 of Vol. 2B, Barron and Holtzoff. The rule states in part:

" * * * when the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers.

* * * "

Rule 50(b) of the Rules of Civil Procedure provides in part as follows:

" * * * within ten days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict * *. A motion for new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed * * * ".

■ Rule 54(b) of the Rules of Civil Procedure relates to multiple claims and multiple parties and authorizes the court to direct final judgment as to one and not all of the issues or parties "only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment". The Rule further provides that if there is no such determination, the action shall not terminate as to any of the claims or parties and that the decision is subject to revision any time before entry of judgment adjudicating all claims and rights.

We find formal written judgments filed as follows:

1. On April 19th, the judgment in favor of Tavasci;

2. On June 13th the judgment in relation to jury fees; and,

3. On August 13th the judgment in favor of McCall. It is our opinion that all of the judgments became effective on August 13th in view of the absence of a finding and order under Rule 54(b). A discussion of this rule is found in the case of Stevens v. Mehagian's Home Furnishings, Inc., 90 Ariz. 42, 365 P.2d 208 (1961).

■ We are not advised by the record that the McCalls availed themselves of the privilege of filing both a motion for judgment notwithstanding the verdict and a motion for a new trial, the dual filing being authorized by Rule 50(b). We, therefore, are faced with the application of Rule 49H.

The answer to interrogatory number 2 is consistent with the verdict against Mr. and Mrs. McCall for $10,000.00 actual damages and with the verdict against Mr. McCall for $5,000.00 punitive damages. The opinion of the 7th Circuit of the United States Court of Appeals in the case of Vera Cruz v. Chesapeake & Ohio Railroad, a 1963 case reported in 312 F.2d at page 330, is the case which comes closest to the problem which faces us. In the Vera Cruz case there were interrogatories consistent with the general verdict and there was both a motion for judgment notwithstanding the verdict and a motion for new trial. The motion for judgment notwithstanding the verdict was granted and no action was taken on the motion for new trial. In that case the court stated:

"[4] Since we decide that the special interrogatories and general verdict are harmonious, we hold that the judgment is erroneous, because unauthorized by Rule 49(b) (quoting the rule).

\* \* \* \* \* \*

"On this record the District Court might, with justification, have assumed that appellees had abandoned the motion (for new trial). Under the peculiar circumstances of this case, we think justice requires that we remand with directions to vacate the judgment notwithstanding the verdict and to enter judgment on the general verdict for plaintiff."

█ In our opinion the record before us does not sustain the appellants' burden in relation to the claimed error in the denial of their March 11th motion for judgment notwithstanding the verdict against the sheriff and his deputy and that order is therefore affirmed.

We find no appeal in relation to the defendants Tavasci.

█ It is our opinion that the trial court acted prematurely in the order of April 19th in relation to jury fees and court reporter's costs as well as the judgment of June 13th in relation to jury fees for the reason that the final judgment was not entered until August the 13th. It is our opinion that even though Yavapai County is the judgment creditor in the June 13th judgment for jury fees, the statute treats jury fees as "costs" and, therefore, the assessment of these fees is subject to review on appeal. It is our opinion that the plaintiffs' objections of January 24th to the continuance of the trial on that date were well taken and that it was within the discretion of the trial judge to not assess any party for jury fees for that date. Rule 54(f) of the Rules of Civil Procedure states in part,

"Except when express provision therefor is made either in a statute or in these Rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs \* \* \*"

Under the terms of this opinion the Davises are the prevailing parties.

█ We are not informed as to the circumstances which lead to the January 24th stipulation in relation to the assessment of the expense of the court reporter. Normally it is the obligation of a county to furnish a qualified court reporter at county expense for all trials. The expense of a court reporter in reporting a trial, unlike jury fees, is not taxable as costs. We do not approve of the procedure whereby a trial judge secures a stipulation in relation to the assessment of the expense of a court reporter unless it be that the circumstances are quite unusual.

This cause is reversed and remanded with instructions to vacate the judgment in favor of the McCalls; to re-tax the jury fees; to re-examine the matter of charging the litigants with the expense of securing the services of a court reporter, if that expense has in fact been ascertained; and for such further action as is not inconsistent with this opinion.

CAMERON and DONOFRIO, JJ., concurring.