950 P.2d 1179

**Fondia HILL, a single man, Plaintiff–Appellant,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona; Maricopa County Attorney's Office, a political subdivision of the State of Arizona; Anthony Stedino, an Arizona resident, Defendants–Appellees.**

No. 1 CA–CV 97–0008.

Court of Appeals of Arizona, Division 1, Department M.

Aug. 5, 1997.

As Amended Aug. 12, 1997.

Review Granted Feb. 24, 1998.

---

Rake & Catanese by M.E. Rake, Jr., David J. Catanese, Phoenix, for Plaintiff–Appellant.

Teilborg, Sanders & Parks, P.C. by David J. Damron, Melinda K. Cekander and Jones, Skelton & Hochuli by William R. Jones, Jr., Monica D. Beerling, Phoenix, for Defendants–Appellees.

VOSS, Judge.

The City of Phoenix and the City of Phoenix Police Department (city defendants) and Maricopa County, Maricopa County Attorney's Office, and Anthony Stedino (county defendants) have filed motions to dismiss this appeal for lack of jurisdiction. We find it appropriate to decide these motions by published opinion.

The trial court dismissed claims against both the county and city defendants in an unsigned minute entry ruling. The county defendants lodged a judgment in their favor which was signed on September 26, 1996, and entered on October 7, 1996. That judgment did not dispose of the claims against the city defendants and did not contain a determination of finality pursuant to Rule 54(b), Arizona Rules of Civil Procedure. Appellant Fondia Hill filed a notice of appeal on October 25, 1996, from "the Judgment dated September 26, 1996, in favor of Defendants and against the Plaintiffs."

The city defendants also lodged a judgment dismissing the claims against them. Their judgment was signed on December 16, 1996, and entered on January 2, 1997. Appellant did not file a notice of appeal from that judgment.

## I. County Defendants

The county defendants contend that the notice of appeal was ineffective to confer jurisdiction over the judgment against them because the notice was filed before the judgment became final. However, when the second judgment was entered on January 2, 1997, dismissing the remaining claims against the city defendants, the judgment against the county defendants became final. *See Davis v. Tavasci,* 1 Ariz.App. 380, 403 P.2d 315 (1965) (holding a partial summary judgment lacking Rule 54(b) findings became automatically final and appealable upon entry of judgment resolving the remaining issues).

Appellant's notice of appeal from the judgment against the county defendants was premature. However, Rule 9(a), Arizona Rules of Civil Appellate Procedure, requires only that a notice of appeal be filed *no later than* 30 days after entry of the judgment from which the appeal is taken. Although the practice of filing premature notices is not approved, a premature appeal from a judgment or order that later becomes final does not require dismissal of the appeal when no party is prejudiced. *See Barassi v. Matison,*

130 Ariz. 418, 636 P.2d 1200 (1981) (holding a notice of appeal from a minute entry followed by a subsequent final judgment conferred jurisdiction on the appellate court); *Snell v. McCarty,* 130 Ariz. 315, 636 P.2d 93 (1981) (holding a notice of appeal from a minute entry order dismissing fewer than all claims was sufficient to perfect an appeal over a later judgment dismissing the same claims with a Rule 54(b) determination).

We conclude that appellant's premature notice of appeal from the September 26, 1996, judgment in favor of the county defendants confers jurisdiction over the appeal from that judgment.

## II. City Defendants

We next consider whether the notice of appeal constitutes an appeal from the judgment in favor of the city defendants. A notice of appeal must designate the judgment from which the appeal is taken. Ariz. R. Civ.App. P. 8(c). Appellant's notice of appeal designates the judgment of September 26, 1996. It makes no reference to the earlier minute entry order dismissing the claims against all parties and, of course, could not refer to the formal judgment entered on January 2, 1997, in favor of the city defendants.

In *Hanen v. Willis,* 102 Ariz. 6, 423 P.2d 95 (1967), the Arizona Supreme Court held that a notice of appeal identifying the judgment on appeal by date of the minute entry order rather than the date of entry of formal judgment and misnaming an appellee was effective to appeal the final judgment. The court described the error as technical and emphasized that it neither misled nor prejudiced anyone.

Relying on *Hanen,* this court recently held that a notice of appeal from the denial of a motion for JNOV was sufficient as an appeal from the underlying judgment because it did not mislead opposing parties. *See McKillip v. Smitty's Super Valu, Inc.,* 190 Ariz. 61, 64, 945 P.2d 372, 375 (App.1997).

The dissent in this case similarly characterizes the absence of any reference to a judgment in favor of the city defendants in the notice of appeal as technical and harmless error, pointing out that by objecting to appellants' affidavit in lieu of bond, counsel for the city defendants demonstrated an understanding that appellant intended to appeal from the judgment in their favor.

However, *Hanen* does not purport to excuse failure to comply with the fundamental requirements of procedural rules as long as there is no prejudice to the opposing parties. The underlying procedural facts in *Hanen* are distinguishable from this case. In *Hanen,* the court noted that "there was actually only one judgment involved, ... and this formal written judgment made effective the earlier rendering of decision recorded in the minute entry." 102 Ariz. at 9, 423 P.2d at 98. There are two signed judgments in this litigation against two separate groups of defendants.

In determining our jurisdiction, we have traditionally relied on interpreting the language of the notice of appeal to determine the subject on the appeal. Jurisdiction cannot be conferred by consent of the parties. *Soltes v. Jarzynka,* 127 Ariz. 427, 431, 621 P.2d 933, 937 (App.1980). We conclude that neither can jurisdiction be conferred by counsel's incorrect assumption as to the content of the notice of appeal.

This court is without power to review matters not contained in the notice of appeal. *Flagstaff Vending Co. v. City of Flagstaff,* 118 Ariz. 556, 561, 578 P.2d 985, 990 (1978); *Lee v. Lee,* 133 Ariz. 118, 124, 649 P.2d 997, 1003 (App.1982). Although an appellate court may construe a notice of appeal liberally, it cannot disregard the plain requirements of Rule 8(c), Arizona Rules of Civil Appellate Procedure, and read into the notice something that is not there. *Baker v. Emmerson,* 153 Ariz. 4, 8, 734 P.2d 101, 105 (App.1986) (holding that the original notice of appeal from a vacated judgment that failed to dispose of claim against a party was not sufficient as an appeal from an amended judgment which added the party).

The dissent points out that Rule 8(a), Arizona Rules of Civil Appellate Procedure, provides that failure to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal. Howev-

er, Rule 8(a) does not attempt to nullify the provisions of Rule 8(c) setting forth the requisite contents of the notice of appeal including a designation of the judgment being appealed. As discussed in the comments to Rule 8(a), the rule changed prior case law holding that the timely filing of a cost bond was also a jurisdictional requirement.

We conclude that the notice of appeal from a judgment in favor of the county defendants is insufficient notice that an appeal is being taken from a separate judgment in favor of different defendants.

Appellant's counsel does not dispute that he was served with separate judgments filed by the county and city defendants. He states that he regarded the second judgment as a "clarification" of the earlier judgment and accordingly determined that a second notice of appeal was not necessary. He contends that this belief was confirmed by the later participation of counsel for both groups of defendants in post-trial matters. If appellant believes that grounds exist for relief from the judgment to permit a late filing of a notice of appeal, that relief can be sought in the trial court. *See Park v. Strick*, 137 Ariz. 100, 669 P.2d 78 (1983) (holding that "extraordinary," "unique," or "compelling" circumstances may justify vacating judgment and re-entry to permit delayed filing of notice of appeal).

## CONCLUSION

For the foregoing reasons, the county defendants' motion to dismiss is denied; the city defendants' motion to dismiss is granted.

GRANT, J., concurs.

FIDEL, Presiding Judge, dissenting in part:

·I concur in the court's decision to exercise jurisdiction over Plaintiff's appeal against the county defendants. I respectfully dissent from the decision to dismiss Plaintiff's appeal against the city defendants.

### A.

The salient history is this:

1. Both the county and city defendants moved to dismiss Plaintiff's claims against them. The trial court considered these motions jointly and granted them in a single minute entry ruling on August 20, 1996. This ruling disposed of all claims against all parties.

2. Instead of reducing its ruling to a common, appealable judgment, however, the trial court entered piecemeal judgments, both of which lacked Rule 54(b) language. The first judgment was entered for the county defendants on October 7, 1996; the second was entered for the city defendants on January 2, 1997.

3. In the interim, Plaintiff filed a notice of appeal from the first judgment on October 25, 1996, mistakenly treating that judgment as what it should have been—a final judgment disposing of all claims against all parties. *See Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App.1991) (discouraging trial judges from entering judgments that fragment related issues into piecemeal appeals).

4. Plaintiff demonstrated his intent to appeal against both the county and city defendants by sending them both his notice of appeal and accompanying affidavit in lieu of bond. In November, both sets of defendants filed objections to Plaintiff's affidavit in lieu of bond, and in January both appeared at a hearing to argue their objections to the court. By participating in these objections, the city defendants demonstrated that they, like Plaintiff, thought he had appealed from the ruling in their favor as well as the ruling in favor of the county.

5. The incomplete judgment filed for the city defendants on January 2, 1997, was a counterpart to the incomplete judgment filed for the county defendants in October. But because the two in combination disposed of all claims against all defendants, the second judgment invested the first with finality. *See Davis v. Tavasci*, 1 Ariz.App. 380, 384, 403 P.2d 315, 319 (1965).

6. On January 6, 1997, both the county *and* city defendants stipulated to extend Plaintiff's time for filing his opening brief. By participating in this stipulation, the city

defendants again demonstrated their continuing understanding that Plaintiff had pursued an appeal not only against the county defendants but also against themselves.

## B.

The majority concludes despite this history that we lack jurisdiction of the appeal against the city defendants because Plaintiff omitted any reference to the city judgment in his notice of appeal. I disagree. Our supreme court has recently cautioned against imprecise usage of the concept of jurisdiction. *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 222–23, 921 P.2d 21, 22–23 (1996); *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 101, 907 P.2d 67, 70 (1995). Such caution is warranted here. This appeal unquestionably falls within the subject matter jurisdiction of this court, and we have personal jurisdiction over every party. Prematurity does not render Plaintiff's notice of appeal untimely. *See Snell v. McCarty*, 130 Ariz. 315, 316–17, 636 P.2d 93, 94–95 (1981). It therefore falls directly within our jurisdiction to construe the notice of appeal and determine its purpose and effect under the unique circumstances of this case.

The majority acknowledges that "an appellate court may construe a notice of appeal liberally," but concludes that we "cannot disregard the plain requirements of Rule 8(c), Arizona Rules of Civil Appellate Procedure, and read into the notice something that is not there." In the same rule, however, subsection (a) provides:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal *does not affect the validity of the appeal*, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

Ariz. R. Civ. P. 8(a) (emphasis added).

What Plaintiff intended to appeal is clear to us and has been clear to both sets of defendants from the start. Plaintiff's lawyers made a mistake; they should have recognized that the first judgment was neither final nor complete. (The trial court likewise should have recognized this flaw and declined to sign the judgment.) Yet no one was prejudiced or misled by Plaintiff's premature appeal from a flawed judgment; to the contrary, everyone in the trial court understood that Plaintiff was appealing from the ruling of August 20, 1996, in which the trial court disposed of all claims against all defendants. The parties and the trial court proceeded on that assumption at the hearing on Plaintiff's affidavit in lieu of bond, and the parties continued on that assumption in the preliminary stages of this appeal.

The majority states that "this court has traditionally relied on interpreting the language of the notice of appeal to determine the subject on the appeal." I agree. But the supreme court has found it necessary to remind us, *when* interpreting the notice of appeal, to avoid a literalistic reading that defeats the expectations of the parties and to instead engage in "liberal construction . . . if the result is neither misleading nor prejudicial to the appellees involved." *Hanen v. Willis*, 102 Ariz. 6, 8, 423 P.2d 95, 97 (1967); *see also McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 64, 945 P.2d 372, 375 (App.1997).

The time has passed for notice pleading in the Arizona courts. *See Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 464, 432 P.2d 589, 592 (1967) ("Rules of procedure are designed to facilitate the just and expeditious prosecution of a case through the courts and should not be burdened with the niceties of gamesmanship; the rules were promulgated to obviate that very evil."). On appeal, as in the trial court, the objective of the rules "is to dispose of cases on the merits, irrespective of technical, harmless errors." *Hanen*, 102 Ariz. at 9, 423 P.2d at 98 (quoting *Arizona Corp. Comm'n v. Pacific Motor Trucking Co.*, 83 Ariz. 135, 138, 317 P.2d 562, 565 (1957) (Windes, J. joined by Struckmeyer, J., dissenting)); *accord McKillip*, 246 Ariz. Adv. Rep. at 28, 190 Ariz. at 64, 945 P.2d at 375.

Our supreme court defines "harmless error" as error "of such technical, non-prejudicial character that neither party may raise a legitimate or meritorious basis of complaint." *Creach v. Angulo*, 189 Ariz. 212, 214, 941 P.2d 224, 226 (1997). That definition perfectly describes Plaintiff's error in this case.

In *Hanen*, the supreme court reinstated an appeal that this court had dismissed; what we described as jurisdictional omissions from a notice of appeal, the supreme court called merely technical, harmless errors. 102 Ariz. at 9–10, 423 P.2d at 98–99. Here we consider an different omission, but this case and *Hanen* are equitably and practically indistinguishable. Here, as there, an appellee who suffered no prejudice seeks to convert a technical, harmless error into a "gotcha." Here, as there, we should resist such gamesmanship and proceed to a resolution on the merits.