975 P.2d 700

Fondia HILL, a single man,
Plaintiff–Appellant.

v.

CITY OF PHOENIX, a political subdivision of the State of Arizona; City of Phoenix Police Department, a political subdivision of the State of Arizona; Maricopa County, a political subdivision of the State of Arizona; Maricopa County Attorney's Office, a political subdivision of the State of Arizona; Anthony Stedino, an Arizona resident, Defendants-Appellees.

No. CV–97–0409–PR.

Supreme Court of Arizona,
En Banc.

March 9, 1999.

Rake & Catanese P.C. by M.E. (Buddy) Rake, Jr., David J. Catanese, Phoenix, Attorneys for Plaintiff–Appellant.

Jones Skelton & Hochuli by William R. Jones, Jr., Erica Bianchi–Jones, David C. Lewis, Phoenix, Attorneys for Defendants–Appellees City of Phoenix and City of Phoenix Police Department

Teilborg Sanders & Parks P.C. by David J. Damron, Melinda K. Cekander, Phoenix, Attorneys for Defendants/Appellees Maricopa County, Maricopa County Attorney's Office, and Anthony Stedino

## OPINION

JONES, Vice Chief Justice.

### Facts and Procedural History

¶ 1　The plaintiff, Fondia Hill, brings this civil action against the City of Phoenix and City of Phoenix Police Department (the City), and Maricopa County, Maricopa County Attorney's Office and Anthony Stedino (the County) alleging that defendants wrongfully investigated, arrested, incarcerated and prosecuted him. Specifically, plaintiff alleges federal civil rights violations pursuant to 42 U.S.C. § 1983, as well as state law claims of assault and battery, intentional and negligent infliction of emotional distress and defamation.

¶ 2　The City and the County filed separate motions to dismiss on grounds that plaintiff's claims were barred by the statute of limitations. The trial court heard oral argument and, on August 20, 1996, granted both motions in a single, unsigned minute order disposing of all claims against all defendants. The minute entry rulings were identical on all issues both as to the City and the County.

¶ 3　The County defendants lodged a judgment in their favor which was signed by the trial judge September 26, 1996, and entered by the clerk October 7, 1996. The County judgment made no reference to the City defendants. The City defendants subsequently lodged judgment in their favor,

which was signed December 16, 1996, and entered January 2, 1997. The City judgment made no reference to the County defendants and neither judgment contained a certification of finality pursuant to Rule 54(b) of the Arizona Rules of Civil Procedure.

¶ 4　On October 25, 1996, plaintiff filed notice of appeal from the September 26, 1996 judgment and contemporaneously filed an affidavit in lieu of bond for costs on appeal. Plaintiff omitted from the notice any reference to a judgment or order dismissing the City and did not later file a separate notice of appeal from the December 16 judgment. Plaintiff, nevertheless, simultaneously mailed the October 25 notice of appeal along with the accompanying affidavit in lieu of bond both to the City and the County.

¶ 5　In November 1996, the City and the County each filed in the trial court objections to plaintiff's affidavit in lieu of bond and, on January 17, 1997, both the City and the County appeared at a hearing to argue their objections. The trial court upheld plaintiff's affidavit. In addition, on January 6, 1997, the City and the County participated jointly in a stipulation in the court of appeals to extend plaintiff's time for filing the opening brief.

¶ 6　On appeal, both the City and the County moved to dismiss for lack of appellate jurisdiction, arguing that because the notice of appeal was premature as to the City, it was ineffective to confer jurisdiction to review the earlier judgment in favor of the County. The court of appeals properly rejected that argument in a ruling that is not challenged here.

¶ 7　Subsequently, a divided court of appeals, addressing the question of compliance with Rule 8(c), Arizona Rules of Civil Appellate Procedure,[1] held that the notice of appeal filed October 25 violated the rule by failing to include an express notice that the appeal also included the trial court's dismissal of the plaintiff's claims against the City. The court concluded the notice was inadequate since it did not reference the earlier

1. Rule 8(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal, shall designate the judgment or part thereof appealed from, and shall name the court to which the appeal is taken."

minute order dismissing all claims against all parties and made no mention of any judgment as to the City. The court reasoned, pursuant to *Flagstaff Vending Co. v. City of Flagstaff*, 118 Ariz. 556, 561, 578 P.2d 985, 990 (1978), that it was without power to review matters not contained in the notice of appeal,[2] and that plaintiff's failure to name the City constituted more than a technical defect, therefore depriving the court of jurisdiction to review the City judgment. The court distinguished the notice of appeal defect in *Hanen v. Willis*, where this court found harmless error when the appellant incorrectly identified the judgment by the minute entry date and misidentified the appellee. 102 Ariz. 6, 423 P.2d 95 (1967). The dissent expressed the view that defects in the notice of appeal in *Hanen* and the present case, while technically distinct, are equitably and practically indistinguishable.

¶ 8 The court of appeals' majority characterized its decision as raising a "jurisdictional" issue involving notice procedure pursuant to Rule 8(c). In *Taliaferro v. Taliaferro*, 186 Ariz. 221, 222–23, 921 P.2d 21, 22–23 (1996), we cautioned against the imprecise usage of the concept of jurisdiction. The appeal in the instant case clearly falls within the subject matter jurisdiction of the court of appeals, and the court also retains personal jurisdiction over all parties. As such, our inquiry is not whether the court of appeals possessed jurisdiction over the appeal but whether the court of appeals properly construed plaintiff's notice of appeal under Rule 8(c) as insufficient to notify the City that the appeal would include it as well as the County.

¶ 9 We conclude, on the basis of the entire record, not only that the City received notice, albeit scant, but, importantly, that the City fully understood that the appeal was intended to apply to it.

## Discussion

■ ¶ 10 Arizona courts recognize that an overriding purpose of the Rules of Civil Procedure is to dispose of cases on the merits where errors in procedure can be characterized as harmless and non-prejudicial. *Hanen*, 102 Ariz. at 9, 423 P.2d at 98 [3] (citing *Arizona Corp. Comm'n v. Pacific Motor Trucking Co.*, 83 Ariz. 135, 138, 317 P.2d 562, 565 (1957) (Windes, J., joined by Struckmeyer, J., dissenting)). We have previously held that in assessing the validity of a defective notice of appeal, the necessary test is whether "sufficient notice of the appeal was conveyed to all of the appellees, neither misleading nor prejudicing them." *Id.* at 10, 423 P.2d at 99 (overruling *Pacific Motor*). *See also Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 969 P.2d 653 (1998). Consequently, where adequate notice has been given an opposing party, fairness demands that "no mere technical error should prevent the appellate court from reaching the merits of the appeal." *Hanen*, 102 Ariz. at 9, 423 P.2d at 98. Moreover, we have recognized that where the record discloses an appellant's intent to appeal from a judgment, such as sending copies of a defective notice of appeal to all defendants, or where a notice of appeal substantially complies with the Rules of Civil Appellate Procedure, the notice of appeal should be construed as sufficient so long as the defect has neither misled nor prejudiced

**2.** Although the court of appeals relies on *Flagstaff* for the proposition that it is without power to review matters not contained in the notice of appeal, *Flagstaff* is distinguishable on its facts. *Flagstaff Vending Co. v. City of Flagstaff*, 118 Ariz. 556, 578 P.2d 985 (1978). This court in *Flagstaff*, a tax case, affirmed a court of appeals' holding that it was without jurisdiction to hear an appeal involving a tax penalty issue where the judgment appealed from did not address the issue. In fact, the appellant did not simply mistakenly file a notice of appeal from another judgment, but rather a judgment on the tax penalty issue had not been entered when the notice of appeal was filed. In the instant case, judgment had been entered on the precise issues which the City and the plaintiff would confront.

**3.** This court, in *Hanen*, held that a defective notice of appeal identifying the judgment on appeal by a minute entry order date rather than the date of entry of the formal judgment and misnaming the appellee was only technically defective and therefore effective to appeal the judgment. The court of appeals' majority in the present case distinguished *Hanen* primarily because *Hanen* involved only one judgment, whereas this case involved two judgments and two separate groups of defendants. The fact remains, however, that the issues decided in the August 20, 1996 minute entry were identical as to both the City and the County defendants, and it disposed of all claims against all parties.

an opposing party. *Id.* at 9–10, 423 P.2d at 98–99.

¶ 11 The record here establishes the following facts. The trial court disposed of all claims against all parties in a single unsigned minute entry. The City and the County lodged separate judgments almost three months apart. Plaintiff filed a notice of appeal and an affidavit in lieu of bond which were timely as to the first judgment, though the judgment was not yet appealable due to the absence of a 54(b) certification. The notice of appeal referred only to the County judgment and did not mention the City or the City judgment which was yet to be entered. As to the latter judgment, the notice was premature.

¶ 12 Plaintiff nevertheless served the notice of appeal and the affidavit on the City as well as the County. Moreover, both the City and the County, after having been served, objected in the trial court to the affidavit in lieu of bond and also appeared in the court of appeals to stipulate formally with the plaintiff to extend the time for filing the opening brief.[4]

¶ 13 In our view, the record demonstrates, and the City freely admits, that it has not been prejudiced by plaintiff's failure to reference the City judgment in the notice of appeal. Not only does the City acknowledge that it received the notice, it is equally clear from the record that the City knew it would be a party to the appeal.

¶ 14 The City argues that should this court construe plaintiff's defective notice of appeal as substantially compliant, a *de facto* harmless error standard for notice defects will have been created, thus inviting abdication from adherence to the rules of appellate procedure. We disagree. We do not, by finding plaintiff's notice sufficient in the instant case, adopt an unalterable harmless error standard for defective notices of appeal whereby Rule 8(c) becomes a procedural option.[5] On the contrary, we have stated that an appellant's failure to follow the rules of appellate procedure risks forfeiture of appellate review on the merits of the case. Here, since both groups of defendants received the notice and both knowingly participated in post-judgment proceedings pertaining directly to the appeal, substantial compliance with Rule 8(c) was achieved. Under these circumstances, the notice should be upheld.

¶ 15 While we find plaintiff's notice of appeal sufficient, we requested that the parties provide supplemental briefs on whether *Davis v. Tavasci,* 1 Ariz.App. 380, 403 P.2d 315 (1965), correctly held that absent a Rule 54(b) certification, the last sentence of the rule does not require the entry of a single judgment adjudicating all claims by all parties. We hold that the court of appeals in *Davis* correctly rejected the "one final judgment" rule by holding that in the absence of a Rule 54(b) certification, all judgments become effective upon entry of the one last in time which disposes of the last claim.

¶ 16 The application of federal Rule 54(b) is helpful in our interpretation of the Arizona rule. Arizona adopted Rule 54(b) directly from the federal rules, and the Arizona State Bar Committee adopted the federal comment to the rule. We thus observe as significant that federal courts interpreting Rule 54(b) have unanimously rejected the "one final judgment" rule.[6] As the policy

---

4. In our analysis, we underscore the importance of the City's direct post-judgment participation in the trial court in opposition to the plaintiff's affidavit in lieu of bond and in entering into a stipulation in the court of appeals to extend plaintiff's time to file the opening brief. These events occurred after service of the notice of appeal and provide a clear indication that the City actively conducted itself as an appellee in this proceeding.

5. This court defines harmless error as error "of such technical, non-prejudicial character that neither party may raise a legitimate or meritorious basis of complaint." *Creach v. Angulo,* 189 Ariz. 212, 214, 941 P.2d 224, 226 (1997). We do not construe this concept, however described, to include an appellant who fails to attempt to comply with procedural rules or where an appellee is actually misled or prejudiced by such appellant's failure to comply with procedural requirements.

6. *See, e.g., Jetco Elec. Ind. v. Gardiner,* 473 F.2d 1228, 1231 (5th Cir.1973) (holding that two orders, neither of which contained language of finality pursuant to Rule 54(b), considered together, terminated the subject litigation "just as effectively as would have been the case had the district judge gone through the motions of enter-

underlying Rule 54(b) to avoid unjust delay is furthered by *Davis*, the federal approach is consistent with Arizona law. Consequently, we affirm the *Davis* holding that without the 54(b) certification, prior judgments which adjudicate some but not all claims in a given suit, or which determine the rights and liabilities of some but not all parties, become final upon entry of the judgment entered last in time—the judgment which effectively terminates all issues remaining in the litigation.

¶17 Where a court, as here, has disposed of all claims in a given case and all matters are ripe for the entry of final judgment, we advise that trial counsel, where reasonably possible, avoid the use of separate judgments on separate dates. Similarly, trial judges, in order to avoid confusion in the appellate process, should not sign separate judgments in cases in which all claims of all parties have been adjudicated.

¶18 In the case at bar, although the court of appeals asserted that "*Hanen* does not purport to excuse failure to comply with the fundamental requirements of procedural rules as long as there is no prejudice to the opposing parties," we interpret and apply the underlying rationale of *Hanen* and its progeny as follows: (1) where the court of appeals has general subject matter jurisdiction as well as personal jurisdiction over the parties, the court should strive to resolve an appeal on the merits; (2) an appellant who fails to follow appellate procedure does so at the risk of losing his right to judicial review on the merits; (3) such sanction should generally result upon a showing of prejudice to an adverse party; and (4) absent such prejudice, society's interests in adjudicating appeals on the merits should govern.

#### Disposition

¶19 The judgment of the court of appeals is vacated, and the matter is remanded to the court of appeals to address plaintiff's appeal on the merits.

ing a single order formally reciting the substance of the earlier two orders"). For a general discussion of federal appellate case law rejecting

THOMAS A. ZLAKET, Chief Justice, STANLEY G. FELDMAN, Justice, FREDERICK J. MARTONE, Justice, and RUTH V. McGREGOR, Justice, concur.

the "one final judgment" rule, see 10 James Wm. Moore et al., *Moore's Federal Practice* §§ 54.25[2] and 54.27[2][c] (3d ed.1997).