NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

MICHAEL HITT, *Petitioner/Appellee,*

*v.*

AIMEE HITT, *Respondent/Appellant.*

No. 1 CA-CV 14-0575 FC
FILED 6-25-2015

Appeal from the Superior Court in Maricopa County
No.  FC2009-000785
The Honorable Benjamin R. Norris, Judge

**AFFIRMED**

COUNSEL

Michael Hitt, Gilbert
*Petitioner/Appellee*

Aimee Hitt
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge John C. Gemmill and Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

**¶1** Aimee Hitt ("Mother") appeals from the denial of her petition to modify child support. Because her petition failed to allege any change of circumstance warranting modification, we affirm.

## BACKGROUND

**¶2** Michael Hitt ("Father") filed a petition for modification of parenting time and child support. After the hearing on the petition, he was ordered to pay child support of $190 per month in September 2010. Mother filed a petition to modify child support in 2012 using simplified procedures. After attributing income of $2500 per month to her, the court found that there was not a fifteen percent difference and denied her modification request.

**¶3** Mother filed another petition to modify child support in May 2014.[1] The petition did not state the reason why she was seeking a modification, but the child support worksheet that was included listed her income as $1700 per month. The family court denied the petition because it failed to state any substantial and continuing change of circumstances.

---

[1] Prior to the 2014 petition, Mother had filed five unsuccessful petitions seeking to modify the child support order, and each claiming her income was $1700 per month or less. She failed to provide affidavits, income tax returns, paystubs, or other supporting financial documentation with any of the petitions with the exception of the one filed September 6, 2012. However, because she did not timely appeal from the denial of the September 2012 petition, we do not now have jurisdiction to decide whether the court abused its discretion by denying that request. *See* ¶ 5, *infra.*

**¶4**        Mother filed a timely notice of appeal from this signed order.[2] We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).[3]

**¶5**        Mother also seeks to appeal three orders entered July 2012, November 2012, and February 2013.  Mother's August 2014 notice of appeal is untimely as to those three rulings because she did not file an appeal within thirty days of the court's ruling in 2012 and 2013.  *See* ARCAP 9(a) (notice of appeal shall be filed "no later than 30 days after entry of the judgment from which the appeal is taken").  Therefore, we lack jurisdiction to consider her challenge to the court's orders denying her petitions for modification on July 12, 2012, November 19, 2012, and February 1, 2013.  *See In re Marriage of Thorn,* 235 Ariz. 216, 219, ¶ 10, 330 P.3d 973, 976 (App. 2014).[4]

## DISCUSSION

**¶6**        Mother argues the family court erred by denying her petition to modify the child support order and tax exemption allocation.  "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal."  *Jenkins v. Jenkins,* 215 Ariz. 35, 37, ¶ 8, 156 P.3d 1140, 1142 (App. 2007).

---

[2] Mother filed a "motion to appeal denying respondent's request to modify child support."  The family court denied Mother's "motion to appeal" to the extent the motion was intended as motion for reconsideration.  However, her "motion to appeal" was properly treated as a notice of appeal.  *See* ARCAP 8(c) & (e) (setting forth content and form required in notices of appeal); *Hill v. City of Phoenix,* 193 Ariz. 570, 572, ¶ 7, 975 P.2d 700, 702 (1999) (holding notice of appeal is sufficient if it conveyed adequate notice to and did not prejudice the opposing party).  Moreover, Father fully responded to Mother's appeal and we find no prejudice will result from addressing the merits of this appeal.

[3] We cite the current version of the statute unless otherwise noted.

[4] Mother also asks this court to order Father to pay 70% of the parenting coordinator's fees and questions the parenting coordinator's recommendations.  These issues, as well as any arrearages, were not addressed in the order on appeal, and, therefore, are not properly before us in this appeal.

¶7        The family court can modify child support upon "a showing of changed circumstance that is substantial and continuing." A.R.S. § 25–503(E); *see also* A.R.S. § 25–327(A). The parent seeking the modification "has the burden of establishing changed circumstances with competent evidence." *Jenkins,* 215 Ariz. at 39, ¶ 16, 156 P.3d at 1144.

¶8        Mother asserted there had been a substantial and continuing change in circumstances, yet offered no explanation or evidence of what had changed. (She did not, for example, explain to the court why her income was less than what had been attributed years earlier.) Her petition, however, included a child support worksheet where she asserted that she earned $1700 a month. She, however, did not attach any competent evidence to support her monthly earnings. She did not attach an affidavit, past tax returns, pay stubs, or even an order in another family court case in which the court found her income was $1700 a month. *See* Maricopa County Superior Court Cause No. FC 2001-012783 (May 14, 2012 order p.2).

¶9        Mother attached documents to her notice of appeal, but those were not attached to her petition for modification; the only attachment to the petition that the family court considered was her child support worksheet. The child support worksheet without more does not constitute competent evidence of a substantial and continuing change in circumstances. And we cannot consider information that was not first presented to the family court for consideration. *See Nat'l Broker Assoc., Inc. v. Marlyn Nutraceuticals, Inc.*, 211 Ariz. 210, 216, ¶ 30, 119 P.3d 477, 483 (App. 2005). Consequently, because Mother's petition to modify child support failed to provide any evidence supporting her claim that there was a continuing change in circumstances, the family court did not abuse its discretion in denying her petition.

**CONCLUSION**

¶10        We affirm the order denying Mother's petition to modify child support. Father is entitled to his taxable costs on appeal pursuant to A.R.S. § 12-342(B) upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

4