NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JOHN C.,
*Appellant,*

v.

DEPARTMENT OF CHILD SAFETY, J.C.,
*Appellees.*

No. 1 CA-JV 21-0182
FILED 10-19-2021

---

Appeal from the Superior Court in Maricopa County
No. JD40089
The Honorable Karen A. Mullins, Judge (Ret.)

**AFFIRMED IN PART; VACATED IN PART;
REMANDED WITH INSTRUCTIONS**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1        John C. ("Father") appeals the juvenile court's order adjudicating his child dependent.  For the following reasons, we affirm in part, vacate in part, and remand with instructions for the juvenile court to enter orders required by the Rules of Procedure for the Juvenile Court ("Rules").

### FACTS AND PROCEDURAL BACKGROUND

¶2        "On review of an adjudication of dependency, we view the evidence in the light most favorable to sustaining the juvenile court's findings." *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 235, ¶ 21 (App. 2005).

¶3        Father is the parent of J.C., born in 2010 ("Child").  The Child's mother is deceased.  In October 2020, the Department of Child Safety ("DCS"), took temporary custody of the Child after receiving allegations that Father was abusing substances and neglecting the Child.  During its investigation, DCS found the Child alone in a dirty home with little food, the Child was not enrolled in school, and he was not receiving services for his autism.  DCS filed a dependency petition, alleging the Child was dependent based on neglect and substance abuse.  The Child was initially placed in a group home and then moved to a Division of Developmental Disabilities licensed foster home in February 2021.

¶4        DCS offered Father reunification services, including substance abuse assessment and treatment, drug testing, supervised visits, and transportation.  Father initially tested positive for methamphetamine and missed subsequent drug tests.

¶5        The juvenile court held a dependency hearing in April 2021. Father and the DCS case manager testified.  During his testimony, Father admitted to a lack of food in the house and that he was aware of the Child's autism diagnosis.  The DCS case manager testified that the Child struggled with fine and gross motor skills, had speech delays, struggled with social

2

skills, and needed assistance with self-care. The Child also qualified for an Individualized Education Plan to accommodate his needs at school.

¶6 After the hearing, the court took the matter under advisement. The court also asked the parties for their positions as to disposition in the event it found the Child dependent. DCS proposed, and Father agreed to, a family-reunification case plan.

¶7 In May, the juvenile court found the Child dependent as to Father based on neglect. The court noted Father's failure to provide adequate food, autism services, school enrollment, and proper supervision for the Child while Father was at work. As to disposition, the court noted that "the parties agreed . . . to a case plan of family reunification."

¶8 Father timely appealed.

## JURISDICTION

¶9 DCS asserts that we lack jurisdiction over the disposition issue because Father's notice of appeal only identified the dependency ruling. *See* ARCAP 8(c) (requiring notice of appeal to "[d]esignate the judgment or portion of the judgment from which the party is appealing"). We disfavor technical challenges to a notice of appeal. *See Hill v. City of Phoenix*, 193 Ariz. 570, 572-73, ¶¶ 8-10 (1999) (noting technical defects in a notice of appeal are generally not jurisdictional); *Hanen v. Willis*, 102 Ariz. 6, 8-10 (1967) (holding that notices of appeal should be liberally construed "if the result is neither misleading nor prejudicial"). Although an order adjudicating a child dependent, and a dependency disposition order, are both appealable orders, *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 45, ¶¶ 7-8 (App. 2006), here they are both components of the same order, *see Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 577, ¶ 19 (App. 2015) (concluding notice of appeal conferred jurisdiction when the non-specified orders "were all part of the same determination on the same claims"). Further, DCS has not asserted any prejudice. Accordingly, we have jurisdiction under A.R.S. §§ 8-235, 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶10 We review the juvenile court's dependency order for a clear abuse of discretion and will affirm unless no reasonable evidence supports the court's findings. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015).

## I.     Standard of Proof.

**¶11**          Father challenges the juvenile court's failure to state the requisite standard of proof in the dependency order.  DCS bears the burden to prove a child dependent by a preponderance of the evidence.  A.R.S. § 8-844(C)(1); Ariz. R.P. Juv. Ct. 55(C).  But the juvenile court "is not required to expressly state the burden of proof applied; we assume the judge applied the proper burden of proof." *In re William L.*, 211 Ariz. 236, 238, ¶ 7 (App. 2005) (citing *State v. Beaty*, 158 Ariz. 232, 246 (1988)).

**¶12**          Because the juvenile court was not required to explicitly state the burden of proof, *see id.*, and nothing indicates the court used an incorrect standard, *see E.R. v. Dep't of Child Safety*, 237 Ariz. 56, 59, ¶ 15 (App. 2015) (vacating order when juvenile court applied incorrect legal standard), the record supports the court's dependency finding, *see Louis C.*, 237 Ariz. at 488, ¶ 12.

## II.     Disposition.

**¶13**          Father also challenges the juvenile court's failure to issue required disposition findings and orders.  The court's order states: "As to disposition, the parties agreed . . . to a case plan of family reunification."

**¶14**          If the juvenile court finds a child dependent it must "[c]onduct a disposition hearing," which may be "on the same date as the dependency adjudication hearing or at a later date that is not more than thirty days after the date of the dependency adjudication hearing."  A.R.S. § 8-844(C)(1)(b), (E).  After the disposition hearing the court shall:

> 1. Enter orders concerning appropriate services required to achieve the case plan; 2. Enter orders concerning the placement and custody of the child . . . [; and 5.] [M]ake specific findings that it advised the parent . . . of the consequences of failure to attend subsequent proceedings and participate in reunification services.

Ariz. R.P. Juv. Ct. 56(E); *see also* A.R.S. § 8-845(B) ("In reviewing the status of the child and in determining its order of disposition, the court shall consider the health and safety of the child as a paramount concern . . . .").

**¶15**          DCS does not dispute that the juvenile court failed to issue the orders required by Rule 56(E).  Instead, DCS argues that Father waived this issue by failing to raise it with the juvenile court.  Although Father could have raised this issue in a motion for reconsideration, in our discretion we

decline to find waiver. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 11 (App. 2018) (noting that this Court has discretion to apply waiver). Furthermore, we are unpersuaded by DCS's assertions that Father was not prejudiced.

**¶16** "A reviewing court must tailor the proper remedy for each case." *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 299, ¶ 27 (App. 2020) (cleaned up). The parties consented to the case plan of family reunification. Accordingly, we affirm the case plan, but vacate the remainder of the disposition order. On remand, the juvenile court shall enter all orders required in this case pursuant to Rule 56(E)(1), (2), and (5).

## CONCLUSION

**¶17** We affirm the juvenile court's dependency order and the case plan of family reunification. We vacate the remainder of the disposition order and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

5