NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LISA SWANSEN, *Petitioner/Appellee,*

*v.*

JOEL BALL, *Respondent/Appellant.*

No. 1 CA-CV 21-0075 FC
FILED 11-30-2021

Appeal from the Superior Court in Maricopa County
No. FC 2015-054409
The Honorable Dawn M. Bergin, Judge (Retired)

**AFFIRMED**

APPEARANCES

Joel Ball, Scottsdale
*Respondent/Appellant*

Thomas A. Morton PLLC, Phoenix
By Thomas A. Morton
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Brian Y. Furuya joined.

---

**B R O W N**, Judge:

**¶1**         Joel Ball ("Father") appeals the family court's rulings modifying legal decision-making, parenting time, and child support. Because Ball failed to provide a trial transcript, and the remainder of the record supports the court's decisions, we affirm.

## BACKGROUND

**¶2**         Father and Lisa Swansen ("Mother") divorced in 2017. They have one minor child ("C.B."), born in 2004, and two older children. The dissolution decree, entered in February 2017, provided for joint legal decision-making and equal parenting time, with no child support obligations.

**¶3**         In September 2019, Mother petitioned to modify legal decision-making, parenting time, and child support. Mother alleged that since the dissolution decree was entered, Father's substance abuse had become more serious, and he was frequently "unable to supervise the children." She further asserted that due to Father's poor behavior, including substance abuse, the Department of Child Safety had initiated a dependency case as to one of the older children, who was a minor at the time. When the juvenile court determined that dismissal of the dependency was appropriate, the court returned jurisdiction to the family court but exercised temporary jurisdiction to enter temporary orders relating to legal decision-making and parenting time for the older child.

**¶4**         After a trial on Mother's petition to modify, the family court awarded Mother sole legal decision-making authority, with Father's parenting time to be determined at C.B.'s discretion.[1] The court also

---

[1]       Because Father failed to develop any meaningful argument challenging the scope of the parenting time order, he has waived and abandoned any issue on appeal as to whether the superior court erred in

ordered Father to pay child support in the amount of $802 per month. The court found that Mother presented sufficient evidence of Father's substance abuse to trigger the rebuttable presumption against joint legal decision-making under A.R.S. § 25-403.04. The court then concluded that Father failed to rebut the presumption because he had never acknowledged abusing alcohol or sought treatment. The court also reasoned that "the hostility between the parties has reached a point where joint legal decision-making is no longer possible." It also expressed concern over Father's "particularly aggressive" communications with Mother, and items he posted on social media, which gave the court "great pause in allowing him any legal decision-making authority" over the child.

¶5        Father filed several post-trial motions, asserting in part that the family court erred by taking judicial notice of a report by the Foster Care Review Board ("FCRB") indicating Father had not participated in services or submitted drug screens for over a year. The court acknowledged it erred by taking judicial notice of the report without allowing Father an opportunity to be heard. The court then explained that it heard "overwhelming evidence of Father's consistent and long-term alcohol abuse and credible evidence that he has used cocaine on more than one occasion." The court therefore reasoned that even if it erred in finding Father abused substances within the last 12 months, "it would have made no difference to its determination that it was in the child's best interest to award Mother sole legal decision-making authority." The court amended its modification order by striking the reference to the FCRB report. It then dismissed as moot Father's motion to be heard and rejected all other arguments Father made in his motion for a new trial and motion for reconsideration. Father filed an "amendment to appeal," and we have jurisdiction over Father's appeal under A.R.S. § 12-2101(A)(1).[2]

---

giving the child authority to decide what parenting time he receives. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011).

[2]        In his amendment, Father did not specify which rulings he was appealing, which means the notice technically failed to comply with ARCAP 8(c)(3). However, because Mother was not misled or prejudiced by the lack of detail in Father's amendment, we have jurisdiction over the post-trial motions. *See Hill v. City of Phoenix*, 193 Ariz. 570, 572–73, ¶ 10 (1999) (explaining a defective notice of appeal does not deprive this court of jurisdiction and is generally sufficient if it is not misleading or prejudicial to the appellee).

## DISCUSSION

**¶6** We review the family court's rulings on legal decision-making, parenting time, and child support for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, ¶ 4 (App. 2018). An abuse of discretion occurs when the court commits an error of law in drawing a discretionary conclusion or where no competent evidence supports the court's decision. *Id.* We view the record in the light most favorable to sustaining the court's rulings, which we will affirm "if there is any reasonable supporting evidence." *Garlan v. Garlan*, 249 Ariz. 278, 280–81, ¶ 4 (App. 2020).

### A. Legal Decision-Making, Parenting Time, and Child Support

**¶7** Father argues the family court abused its discretion in applying A.R.S. § 25-403.04, which establishes a rebuttable presumption against joint legal decision-making that may also arise if the court determines a parent abused drugs or alcohol within 12 months before the petition for legal decision-making or parenting time is filed. Father contends the court erred by finding he abused drugs and alcohol, given that he has not been convicted of any substance abuse related crimes in the last five years, the court relied on events that occurred outside the one-year statutory time frame, and he has had many negative drug tests. A criminal conviction, however, is not a prerequisite to a finding of substance abuse. Although the court noted events outside the statutory time frame, it also relied on an event within the 12-month time frame where Father appeared to be under the influence of drugs. Additionally, nothing in the record supports Father's contention that he has had many negative drug tests.

**¶8** Father asserts the court violated his rights under the Confrontation Clause by "convict[ing]" him of several crimes without allowing him the opportunity to confront his accusers. This argument is without merit because this is not a criminal proceeding, and the family court could not have convicted Father of any crime. Thus, the Confrontation Clause has no application here.

**¶9** According to Father, the court erred in not applying the child support guidelines to this case and ordering him to pay child support. Given that Father failed to file an updated affidavit of financial information, the court did not abuse its discretion in relying on the most recent evidence of his financial circumstances in the record when it relied on the child support guidelines to calculate Father's obligation.

¶10 Father contends the court abused its discretion in taking judicial notice of the FCRB report without providing him an opportunity to be heard. But the court struck that reference from its order, noting that the record contained more than sufficient evidence to support its findings without the report. Thus, Father's argument regarding the FCRB report is also meritless.

¶11 Father also argues his due process rights were violated because the court had insufficient evidence to terminate his parental rights. However, the record confirms that Father's parental rights were not terminated. Instead, the court ruled on Mother's petition to change legal decision-making, parenting time, and child support. Father does not dispute that he was given notice of the relief Mother was seeking, or that he had the opportunity to be heard at trial. Thus, no due process violation occurred, and Father's complaint regarding the same is without any basis in fact or law.

¶12 Father asserts that the court erred in its determination of the child's best interests because it failed to consider the child's wishes to live with him, and the court failed to consider findings made by the best interest attorney ("BIA"). In weighing best interests, a court considers "all factors that are relevant to the child's physical and emotional well-being . . . ," including the child's wishes as to legal decision-making and parenting time. A.R.S. § 25-403(A). What the child desires is merely one factor of many the court must consider. Concerning the BIA, she was appointed in October 2016, and discharged from her duties in December 2016. Father does not explain how any previous opinion or finding from the BIA would be relevant here.

¶13 More generally, Father argues that no evidence supported the court's findings and conclusions, and he suggests he objected to Mother's exhibits because they were not timely disclosed to him before trial. We cannot consider these arguments, however, because Father failed to provide us with a trial transcript, which was his obligation. *See* ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."). Without a transcript, we presume the evidentiary record supports the court's decision. *See Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

### B.     Motion for New Trial

**¶14**         Father contends the family court ignored his motion for a new trial and the evidence he submitted.  The record shows otherwise.  In January 2021, the court noted it was about to rule on Father's motion for new trial when Father filed a notice of appeal.  Father then filed an amended motion.  The court then dismissed Father's amended motion for new trial because it lacked jurisdiction due to the pending appeal.  After this court entered a stay permitting the family court to consider Father's motions, the court denied Father's motion for new trial, specifically rejecting each of Father's arguments, except for reliance on the FCRB report, which the court corrected.

### C.     Attorneys' Fees and Costs

**¶15**         Mother requests her attorneys' fees on appeal under A.R.S. § 25-324, which authorizes a fee award after consideration of the parties' financial resources and the reasonableness of positions taken during the litigation.  Given that Father has raised several issues on appeal that lack any merit, in our discretion we award attorneys' fees to Mother in the amount of $3,000 to account for the additional fees she incurred in addressing Father's meritless claims.  As the prevailing party, Mother is also entitled to taxable costs subject to compliance with ARCAP 21.

### CONCLUSION

**¶16**         We affirm the family court's order granting Mother's petition to modify.  We deny as moot Mother's motion for sanctions and motion to strike Husband's reply brief.



AMY M. WOOD • Clerk of the Court
FILED:    AA